## LOGAN *v.* ANDERSON.

A, by deed, leased premises to B, who afterwards assigned the lease to C :—A assented to the assignment, and agreed, by parol, to accept C as his tenant, and to look to him for the rent.   *Held*, that there had been a sufficient surrender of the lease by operation of law, to satisfy R. L. 1833, § 9; and that A could not afterwards maintain covenant against B, for the rent.

ERROR to Jackson Circuit Court.   The cause came into that court on appeal from a justice of the peace.   The action was covenant, brought by Anderson, to recover rent due on an agreement under seal, dated 16th June, 1838, whereby he agreed to lease to Logan certain premises for one year from the 1st June following; and Logan agreed to pay him one dollar a week by way of rent.

Logan proved in defence an assignment, endorsed on the back of the lease in the following words : "For a valuable consideration I hereby assign to G. H. Gorham all my right and interest to the within lease.   Jackson, July 19, 1838."   (Signed,) " G. W. Logan :"—and Gorham, being introduced as a witness on his behalf, testified that Anderson was present when this assignment was made ; " that he assented to it, and *to a change of tenants*, and

agreed to accept the witness *as his tenant in the place of Logan;* and also to look to witness for the rent of the premises as the same should fall due," &c.—that he then "said to Logan that he would discharge him from the payment of the rent, and take witness for his tenant and look to him for the rent;—and that he, (witness,) afterwards paid to Anderson the rent up to August, 1838."

It also appeared in evidence that when this assignment was executed, one Grant was in the actual possession of the premises, and that Logan never entered into possession under the lease from Anderson.

By consent of parties, a verdict was taken for the plaintiff below, subject to the opinion of the court; and the circuit court having subsequently declared their opinion that the defence set up was insufficient in law, judgment was rendered upon the verdict. To reverse which this writ of error is prosecuted.

*D. Johnson,* for the plaintiff in error.

*Chapman & Kimball,* for the defendant in error.

WHIPPLE, J. delivered the opinion of the Court.

To warrant the judgment of the circuit court, it must be assumed that the agreement referred to by Gorham was void, under the provisions of R. L. 1833, p. 342, § 9,* which declares "that no leases, &c. shall, at any time hereafter, be assigned, granted, or surrendered, unless it be by deed or note in writing, signed by the parties so assigning, granting, or surrendering the same, or their agents, thereunto lawfully authorized by writing, *or by act and operation of law.*" The only question presented for our consideration, is, whether the lease executed by Anderson was surrendered " by act and operation of law." As the facts were withdrawn from the consideration of the

* *Vide* R. S. 1846, ch. 80, § 6, and R. S. 1838, p. 329, § 6.

jury, if it clearly appears to the court that Anderson accepted Gorham as his tenant, with the assent of Logan, or that Gorham took a new lease from Anderson, with the assent of Logan, who agreed to the substitution, then it is clear, such acceptance of a new lease, though by parol, would operate as a surrender of the former lease by deed.

This construction of the statute of frauds, is fully warranted both by elementary writers, and by adjudged cases of the highest authority. In the case of *Thomas* v. *Cooke*, 2 Stark. R. 407, (S. C. 3 E. C. L. R. 405,) the facts were, that Thomas let the premises to Cooke, and the latter underlet to one Perks. The rent being in arrear, Thomas distrained upon Perks, who gave a bill of exchange for the amount. Thomas then said that he would have nothing more to do with Cooke, and took the bill of exchange in discharge of the rent. After this, Thomas again distrained upon Perks, and then brought an action against Cooke for the rent. The question was, whether Cooke still remained liable as the tenant of Thomas. On the part of the plaintiff it was insisted that the tenancy of Cooke still subsisted, but *Abbott*, J. left it to the jury to say, whether the plaintiff, after the distress, had not accepted Perks as his tenant, with the assent of Cooke. The jury finding in the affirmative, the plaintiff was nonsuited, with leave to move the court to set aside the nonsuit, and enter a verdict for the plaintiff. In the ensuing term, Topping, for plaintiff, moved accordingly; "but the court were of opinion that the circumstances constituted a surrender by operation of law. If a lessee assign, and the lessor accept the assignee of the lessee as his tenant, that, in point of law, puts an end to the privity of estate between the lessor and the lessee." In the same case, the court further remarked that, "a landlord could not have two tenants at the same time; and here the plaintiff had made his election to take Perks as his tenant." In

the case of *Stone* v. *Whiting*, 2 Stark. 235, (3 E. C. L. R. 331,) the facts were, that Whiting, who was then tenant of certain premises, let them to a person of the name of Lockwood, and they afterwards went to Stone to inform him of what they had done, when he agreed to take Lockwood as his tenant from that time, and to discharge Whiting from further liability as tenant. *Holroyd*, J. on the trial of the cause, said, that there was an agreement that one should be substituted for the other as tenant, and he was inclined to think, that this constituted a surrender in law. That the taking a new lease by parol is, by operation of law, a surrender of the old one, is not only fully established by the cases cited, but is also recognized by the King's Bench in the case of *Thomas* v. *Cooke*, 2 B. & Ald. 119. See, also, 2 Stark. Ev. 343; 1 Saun. R. 236; *Harding* v. *Crethorn*, 1 Esp. R. 57.

Applying the principle thus laid down, to the facts as they appeared before the circuit court, we think it clear, that that court erred in rendering a judgment for the plaintiff upon the verdict of the jury. Had the facts been submitted to the jury, as in the case of *Thomas* v. *Cooke*, there can be no doubt that they would have found that Anderson accepted Gorham as his tenant, with the assent of Logan ; and as this assent would have the same legal effect as if Logan had actually surrendered the former lease, it is equally clear that their verdict, under proper instructions from the court, must have been for the defendant.

The judgment of the circuit court must be reversed with costs.

*Judgment reversed.*