## Mary E. Gugins v. William Van Gorder.

Where land has been sold and paid for, and a deed executed and delivered, the subsequent refunding of the consideration to the purchaser, and the destruction of the deed by agreement of the parties to it, will not revest the title to the land in the grantor.

But the grantee by whose agreement the deed was destroyed, and those claiming under him, are estopped from giving parol evidence of the contents of the destroyed deed when claiming title to the land.

*Heard July 21st. Decided October 28th.*

Case made after judgment, from Livingston Circuit.

The action was ejectment, brought to recover the undivided one-fourth of certain lands, claimed by plaintiff as one of the heirs of Orrilla Gugins. The facts are sufficiently stated in the opinion. The defendant had judgment below.

*S. L. Kilbourne*, for plaintiff, referred to 1 *N. H.* 9; 4 *N. H.* 195; 4 *Fost.* 148; 10 *Mass.* 403; 9 *Pick.* 105; 8 *Shep.* 160; 1 *Greenl.* 78; 4 *Wis.* 1; 4 *Cranch*, 48; 4 *Kent*, 196; 1 *Hill. on Real Pr.* 375; 1 *Greenl. Ev.* § 265, *note*.

*A. S. Wheedon* and *O. Hawkins*, for defendant, cited and relied upon 1 *Johns. Ch.* 417; 4 *Wend.* 482; 4 *Wend.*

491; 7 *Wend.* 304; 8 *Cow.* 71; 23 *Pick.* 231; 7 *Pet.* 171; 8 *Black.* 320; 4 *Yerg.* 357; 6 *Hill,* 469; 6 *Mass.* 24; 2 *Pars. on Cont.* 231; 4 *Conn.* 550; 5 *Conn.* 262; 2 *Johns.* 84.

MANNING J.:

The case states the land was taken of the Government by Richard M. Gugins in the name of Orrilla Gugins his wife, and that the patent was issued in her name. That in 1838 or 1839 Gugins and wife sold the land to Harrison P. Goodrich, and executed and delivered to him a deed therefor; that in three or four days thereafter Goodrich delivered back the deed to them, and received from them the consideration he had paid for the land, and that the deed was then destroyed by agreement of all the parties. The other facts in the case, except the death of Richard and Orrilla, that the plaintiff is one of four children left by them, and that defendant claims title through Goodrich, it is unnecessary to notice, as the only questions in the case are, First, whether the destruction of the deed re-vested the title in Orrilla? and if not, then Secondly, whether under the circumstances stated in the case, Goodrich and those claiming under him are estopped from giving parol evidence of the contents of the destroyed deed?

On the first point, there is no doubt that the destruction of the deed did not re-vest the title in Orrilla. On the execution and delivery of the deed to Goodrich the title vested in him. It was not registered, but registry was not necessary to give it effect. And the destruction of the deed, which is evidence of title, and not the title itself, could only affect the proof of the title in a court of justice. To regain the title in such a case where a conveyance is refused, recourse must be had to a court of equity. The language of the statute, which is essentially the same now that it was when the deed was destroyed, is, No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning or in any manner

relating thereto, shall hereafter be created, granted, or assigned, surrendered or declared, unless by act or operation of law, or by a deed of conveyance in writing: *Comp. L.* § 3177; or by last will and testament: § 3178.

Is defendant estopped from introducing parol evidence of title in Goodrich? We think he is, under the circumstances stated in the case. Secondary evidence cannot be received to prove a fact without first laying a foundation for it in accounting for the absence of that which is primary. The deed to Goodrich is the best evidence of title. That is not produced, and its destruction is accounted for in a way that shows it would be dishonest in him to claim anything under it. It was destroyed in pursuance of an agreement between him and his grantors after the purchase money had been returned to him, with a view of re-vesting the title. It was done with his consent, and for a valuable consideration. The law will not recognize such a state of facts as an excuse for the non-production of the deed. Its language to Goodrich would be, if he was defending, Sir, you are estopped by your own acts from proving the contents of the deed by parol evidence— and the defendant who claims through him has no greater rights than he.

The judgment of the Circuit Court must be reversed, and judgment be entered for the plaintiff for the land described in his declaration, with costs.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. was absent.