FLORANCE SULLIVAN v. CLAGEON M. DUNHAM.

*Abandonment of claim under land contract.*

The Statute of Frauds in providing that a surrender of any interest in land must be in writing does not prevent one who has given back a land-contract held by him, in order that the land might be conveyed to another party, from recovering the consideration

for which he gave it up, as by bringing suit he ratifies the con-- veyance and precludes himself from claiming any interest in the lands.

Error to Allegan. Submitted Jan. 14. Decided Jan. 20.

Assumpsit. Defendant brings error.

*Pope & Hart* for plaintiff in error. Surrender of a land contract can only be made by operation of law, or in writing, *Wright v. DeGroff*, 14 Mich., 164; *Hayes v. Livingston*, 34 Mich., 384; *Parker v. Barker*, 2 Met., 423; *Gimon v. Davis*, 36 Ala., 589; *Roe v. Doe*, 31 Ga., 544; *Washabaugh v. Entrikin*, 36 Penn. St., 513; *Jackson v. Vosburgh*, 9 Johns., 277.

*W. W. Warner* and *Fenn & Donaldson* for defendant in error. Surrender can be presumed from acts done, *Weed v. Terry*, 2 Doug. (Mich.), 351; *Putland v. Hilder*, 2 B. & A., 782; *Peabody v. Tarbell*, 2 Cush., 226; *Livermore v. Aldrich*, 5 Cush., 431; *Brown v. Lunt*, 37 Me., 423; *Nickells v. Atherstone*, 10 A. & El. (N. S.), 944; *Greider's Appeal*, 5 Penn. St., 422; *Laurence v. Brown*, 1 Seld., 394; *Murray v. Shave*, 2 Duer, 182; *Dodd v. Acklom*, 6 M. & G., 672; Sheppard's Touchstone, 300; 1 Greenleaf's Cruise on Real Property, 392, n; 3 id., 468.

Cooley, J. The facts out of which the legal questions in this case arise are the following: Sullivan, being owner of a certain parcel of land, contracted to sell it to Dunham, and gave him a written contract whereby he agreed to convey the land on certain payments being made as therein specified. While Dunham held this contract, Sullivan had some negotiations for an exchange of the same land with one Gordy for land owned by the latter, and he proposed to Dunham that if he would surrender his contract so that the trade could be made with Gordy, he should be paid one-half of all the "boot money" he could obtain from Gordy in excess of $400. Dunham agreed to this, but told Sullivan he must get at least

$500. Sullivan thereupon completed his negotiations with Gordy, taking from him a mortgage of $500 for the difference in exchange of places. Dunham soon after called upon Sullivan for his one-half of the surplus over $400, but Sullivan declined to pay it. At this time Dunham had not his contract with him, but he came back in a few days, bringing the contract with him, and tendered it to Sullivan, who took it, but still refused to pay Dunham anything. Dunham then brought suit, and in the court below recovered judgment for $50 and interest.

The objection to the recovery is that Dunham had never performed his part of the agreement, inasmuch as the surrender of the contract has never been made in legal form. By the statute of frauds "no estate or interest in lands, other than leases for a term not exceeding one year, * * shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by some person thereunto by him lawfully authorized by writing." Comp. Laws, § 4692.

Dunham never made a written surrender of his contract. He simply handed it back to Sullivan. For the particular purpose to be accomplished in this case, however, this was completely effectual, for it is not pretended that Gordy's title from Sullivan is defective for want of the written surrender. This, however, does not appear to us important, as we think the judgment may be sustained on familiar principles.

When the agreement sued upon was made between Sullivan and Dunham, each party was owner of an interest in the land which was afterwards traded with Gordy. It was agreed between them that Sullivan might dispose of both interests to Gordy, accounting to Dunham for what he obtained, according to a certain basis which was agreed. He did trade accordingly, and Dun-

ham now calls upon him to account as he agreed. Now it is of no importance whether or not the authority given by Dunham to Sullivan was sufficient in law: for, as already stated, the title has passed to Gordy, and if Sullivan's authority to trade with him was originally insufficient, Dunham by demanding his share of the price and bringing suit to recover, has affirmed the transaction, and ratified whatever was before imperfect.

The agreement that Dunham should surrender his contract in order that the trade with Gordy might be made, evidently meant no more than this: that he should give up the contract and make no further claim under it. It is not at all likely that the word "surrender" was used or understood by the parties in any technical sense. Dunham was to permit Sullivan to dispose of his interest in the land: that was the essence of the agreement, and it has been complied with. By his consent in the first place to what Sullivan proposed, and his acquiescence afterwards, he has precluded himself from asserting any further rights under the contract.

The judgment must be affirmed with costs.

The other Justices concurred.