PAINE *v.* BOYNTON.

1. TAX SALES—REDEMPTION.

> Where, on the day before the expiration of the period of redemption from a tax sale, the owner mailed a draft to the county treasurer, with a letter requesting him to apply it in payment of the sender's taxes, without describing the lands, and the treasurer received the draft and letter two days later, and afterwards, on receipt of a list of the lands, applied the draft to the payment of subsequent taxes, in which application the owner, after being informed that the redemption period had expired, tacitly acquiesced, no redemption from the sale was effected.

2. SAME—DEED—NON-EXISTENT GRANTEE.

> A tax deed issued to one who died prior to the making of the application to purchase is void.

3. EQUITY PLEADING—QUIETING TITLE—APPEAL.

> On appeal from a decree for defendant in a suit to quiet title as against a tax deed, complainant cannot complain

that defendant did not establish his title, where the bill con-
cedes the validity of such title unless complainant should be
found to have redeemed, which contention is found against
him.

Appeal from Muskegon; Russell, J.   Submitted April
5, 1900.   Decided May 15, 1900.

Bill by Saloma S. Paine against Milo A. Boynton and
Herman F. Harbeck to quiet title.   From a decree for
defendants on their cross-bills, complainant appeals.
Affirmed.

*Walter I. Lillie* (*Stephen H. Clink*, of counsel), for
complainant.

*C. W. Sessions*, for defendants.

MOORE, J.   The complainant filed a bill to remove a
cloud upon her title to certain real estate, the cloud con-
sisting of tax titles owned by defendants.   Answers in the
nature of cross-bills were filed.   From a decree dismiss-
ing the bill of complaint, complainant appeals.

The record shows the following state of facts:

"Dr. William Paine died in July, 1893, seised of the
lands described in the bill of complaint, and other lands
in the immediate neighborhood.   Complainant, the wife
of Paine, then became the owner of these lands by and
through his last will and testament.   Part of the lands
were delinquent for the taxes of 1891, and were sold to the
State at the annual tax sale in December, 1893.   All of
the lands were delinquent for the taxes of 1892, and be-
came delinquent for the taxes of 1893 and 1894.   At the
annual tax sale, and on the 3d day of December, 1894,
defendant Boynton purchased 80 acres of the land for the
taxes of 1891 and 1892.   At the same time defendant
Harbeck purchased the other lands described in the bill of
complaint for the taxes of 1892.   Complainant alleges in
her bill of complaint that she had one year for the redemp-
tion of said lands from such purchase, and that, after the
expiration of one year, the title to said lands became abso-
lute, and vested in defendants, Boynton and Harbeck,

according to their respective purchases. Defendants, in their answers, deny that there was any redemption from the sales for the taxes of 1891, and admit that the title to said lands vested in them after the expiration of the year's redemption from the sales for the taxes of 1892. Complainant has not attacked, either by her pleadings or proofs, the validity and regularity of the sales and deeds to defendants, except by claiming that she redeemed from such sales, or acquired title by virtue of a subsequent purchase for the taxes of 1893.

"The time of redemption from the sales to defendants for the taxes of 1892 expired on the 3d day of December, 1895. On the 2d day of December, 1895, complainant purchased a draft in Philadelphia, Pa., and mailed the same to the county treasurer of Muskegon county, together with a letter requesting the county treasurer to apply the draft in part payment of the taxes due on the Paine lands in Muskegon county. In the evening of the same day complainant sent a night telegraph message to the county treasurer, notifying him that the draft had been mailed. The telegram was received by the county treasurer on the 3d day of December. The letter and draft did not reach the county treasurer until the 4th day of December, and after the time of redemption had expired. Neither the telegram nor the letter contained any descriptions of land. The county treasurer did not know, and had no means of knowing, either the lands upon which complainant desired to pay or the year's taxes to be paid. The telegram, letter, and draft were laid aside until the descriptions of land should be ascertained. On the 9th of December, complainant, at Philadelphia, mailed to the county treasurer a list of the lands. This letter reached the county treasurer on the 11th. The annual tax sales closed on the 7th day of December, 1895, and four days prior to the receipt of the list of lands.

"Upon receipt of such list, the county treasurer made out and issued to D. William Paine certificates [of purchase for the taxes of 1893 of the lands which had been purchased by defendants December 3, 1894, for the taxes of 1891 and 1892, and certificates of redemption of the other lands described in the list from the taxes of 1893, and tax receipts for the taxes of 1894. These receipts and certificates of purchase and redemption were mailed to complainant at Philadelphia. On the 14th day of December, complainant's attorney at Philadelphia wrote a letter to the county treasurer, acknowledging the receipt of the

certificates and tax receipts, and made inquiries concerning the taxes for 1892. This letter reached the county treasurer on the 16th or 17th of December, and was answered on December 17th. On the 21st day of December, complainant's attorney at Philadelphia wrote the county treasurer, and for the first time informed him that they desired the money which had been sent to him to be applied to the payment of the earliest taxes in arrears, and asked him to apply the money to the payment of the taxes of 1892, and make a proper adjustment of the matter. On the 23d day of December, 1895, the county treasurer wrote complainant's attorney the following: 'Your list did not reach this office until the time for redemption of 1892 taxes had expired. A tax title for that year is not very good, and you can probably settle with the parties who purchased the taxes for that year at a reasonable rate of interest.' The above letter closed the correspondence. Nothing further was done by complainant concerning the taxes and tax deeds of defendants for the years 1891 and 1892 until the commencement of this suit.

"Each of the defendants filed a cross-bill to quiet the title in him to the lands deeded to him by the auditor general. The cross-bills allege the regularity and validity of the sales and deeds to the defendants, and also a title in fee simple in the defendants by virtue of the tax deeds. Complainant, in her answers to the cross-bills, neither admits nor denies these allegations in the cross-bills, except to deny their validity upon the ground that defendants' deeds have not been recorded, and except that in her answers she refers to the allegations in her bill of complaint, and adopts those allegations as part of the answers."

Counsel claim that the depositing of the letter containing the draft in the post-office at Philadelphia was a delivery of the draft to the county treasurer, and that, as the letter was mailed before the expiration of the time in which redemption might be made, defendants have no title based upon the taxes of 1891 and 1892. They cite certain cases, all of which are insurance cases, which hold that a forfeiture will be prevented if the draft is sent on the day payment should be made. We think it would be a novelty to apply this doctrine to a redemption of lands from sales for taxes. The person having the right to

redeem must avail himself of that right during the time fixed by the statute. See *Paine* v. *Commissioner of State Land Office*, 66 Mich. 245 (33 N. W. 491). The money came to the county treasurer after the period of redemption was ended. He made no effort to apply the money to the redemption of the lands. The complainant was advised of what he had done, and she in turn made no effort to have it so applied.

The county treasurer used the money for the purpose of buying the land for the taxes of 1893 in the name of D. William Paine, to whom certificates of purchase were issued, and later deeds were made. It is now claimed these deeds cut off the title of defendants. Mr. Paine had been dead for several years when the money was sent to the county treasurer, and when the certificates of purchase and the deeds were made. It has long been settled that a deed running to a grantee not in existence is a nullity. *Skinner* v. *Grace Church*, 54 Mich. 543 (20 N. W. 577).

It is said defendants did not prove a shadow of title to the lands, as they did not prove a decree or proceedings leading up to a decree. The bill filed by the complainant avers that defendants obtained tax titles to these lands, and then alleges:

" That said lands so bid in in the name of said Boynton were subject to redemption for one year after the same were sold by the State for the taxes for the year 1891; also for the taxes for the year 1892; and that, after the said year for redemption had expired, the title became absolute in said Boynton, and it became and was then and there his duty to pay all taxes assessed thereon; that the bids made in the name of Herman F. Harbeck for the taxes for the year 1892 were subject to redemption for one year thereafter, and, when that year of redemption expired, the title to said lands so bid in as aforesaid vested in said Harbeck, and it became and was then and there his duty to pay all taxes assessed against said lands aforesaid,—if they, or either of them, expected to, or intended to, claim said lands by virtue of said several tax sales aforesaid."

The bill then avers that the taxes were paid by com-

plainant in the way we have already discussed. The answers of defendants admitted obtaining tax deeds on these lands, and their title thereto, and denied complainant had paid the taxes on the lands. Upon the trial, defendants introduced their deeds in evidence. As we have already said, complainant did not redeem these lands. Under the pleadings we do not think she can now urge that defendants have not shown any title in themselves. *Emerson* v. *Atwater*, 12 Mich. 314.

The decree is affirmed, with costs

The other Justices concurred.