### MINER *v.* BOYNTON.

LAND CONTRACTS — SURRENDER — ACCEPTANCE OF LEASE BY VENDEE.

> A vendee in a land contract, who, having failed to comply with its terms, and having been served with notice to vacate, leases the premises from the vendor, thereby surrenders his rights under the contract.[1]

Appeal from Muskegon; Russell, J. Submitted January 30, 1902. Decided March 4, 1902.

Bill by Thomas G. Miner, executor of the last will and testament of Johannes Harms, deceased, against Milo A. Boynton, Henry Bramer, and Anna S. Reed, for the specific performance of a contract for the sale of land. From a decree dismissing the bill, complainant appeals. Affirmed.

*Cross & Lovelace*, for complainant.

*C. W. Sessions*, for defendants.

[1] See, on this subject, *Stewart* v. *McLaughlin's Estate*, 126 Mich. 1 (85 N. W. 266).

HOOKER, C. J.   On July 18, 1895, Harms purchased the premises which constitute the subject-matter of this suit from Boynton, taking an executory contract therefor, and entering into possession.   He paid $7 at the time of making the contract, and never paid more.   It is said that he did not pay the taxes.   He erected some cheap buildings, and lived upon the place until his death, which occurred on June 8, 1900.   He had cleared a portion of the land, and cropped it up to the time of his demise.   In 1898 one Paine filed her bill to quiet her title to this and other lands, but her bill was dismissed, and the decree affirmed by this court on May 15, 1900.   *Paine* v. *Boynton*, 124 Mich. 194 (82 N. W. 816).   Harms, having paid neither the installments nor the taxes provided for by the contract, was served with a written notice of forfeiture and to vacate on August 18, 1897, as provided for by the contract.   On May 18, 1900, Harms entered into a contract whereby he rented and Boynton leased the premises to him for one month, agreeing to vacate said premises on demand thereafter.   A few days before Harms died, he made a will, leaving to complainant, a neighbor, and not a relative, all of his property, except $25.   He has filed the bill in this cause, as executor, for a specific performance of the contract, making Boynton, together with Bramer and Reed, who bought the premises from Boynton after Harms' death, parties defendant.

The learned circuit judge, who saw the witnesses, determined that the lease was obtained without fraud by Boynton, and that Harms' execution of and occupation under it was a surrender of his rights, if he had any, under the contract, by operation of law.   We agree with him upon the question of fact, and concur in his view of the legal question.   *Donkersley* v. *Levy*, 38 Mich. 54; *Sullivan* v. *Dunham*, 42 Mich. 518 (4 N. W. 223).   See 18 Am. & Eng. Enc. Law (2d Ed.), p. 362.

The decree is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.