## MERRILL v. MYERS.

1. TAXATION—REDEMPTION FROM SALE—NOTICE—SERVICE.
   Under Act No. 270, Pub. Acts 1909 (1 Comp. Laws 1915, § 4138), service of a notice by a tax title purchaser of premises to the owner to redeem upon such owner by leaving it with the owner's wife in the owner's absence is sufficient.

2. SAME—REDEMPTION FROM SALE—LACHES.
   The owner of land which has been sold for taxes is guilty of gross laches depriving him of the right to redeem and of equitable relief where he learns of the service of notice to redeem by leaving the notice with his wife four months

after the service, the wife having mislaid the notice, and, after writing the purchaser for information as to the amount of the lien, receives a reply referring him to the county treasurer three weeks before the expiration of the six months' period, and he fails to write to the county treasurer until about three weeks after the expiration of such period, although the notice does not give the amount of the sheriff's fees for service.

Appeal from Emmet; Shepherd, J. Submitted June 19, 1917. (Docket No. 91.) Decided July 26, 1917

Bill by Homer F. Merrill against Rufus L. Myers to redeem from the sale of land for taxes. From a decree for plaintiff, defendant appeals. Reversed.

*C. J. Pailthorp*, for plaintiff.

*Halstead & Halstead*, for defendant.

The bill in this case is filed for the purpose of compelling defendant, upon the payment of $27.10, to reconvey to the plaintiff certain lands, the title to which defendant had secured through purchase at the annual tax sales in the year 1913; the tax having accrued in the year 1910. On August 18, 1914, the following notice was served on plaintiff:

"To the Owner or Owners of Any and All Interest in or Liens upon the Land Herein Described:
"Take notice that sale has been lawfully made of the following described land for unpaid taxes thereon, and that the undersigned has title thereto under tax deed or deeds issued therefor, and that you are entitled to a reconveyance thereof at any time within six months after return of service of this notice upon payment to the undersigned, or to the register in chancery of the county in which the lands lie, of all sums paid upon such purchase, together with one hundred per centum additional thereto, and the fees of the sheriff for the service or cost of publication of this notice, to be computed as upon personal service of a declaration as commencement of suit, and the fur-

ther sum of five dollars for each subscription, without other additional cost or charges. If payment as aforesaid is not made, the undersigned will institute proceedings for possession of the land.

.―"Description of land: State of Michigan, county of Emmet, north half of southeast quarter Sec. 36, town 35 north, range 4 west. Amount paid, $9.05. Tax for year 1910. Amount necessary to redeem, $23.10, plus the fees of the sheriff.

"RUFUS MYERS,

"Place of Business: Alanson, Michigan.

"To Homer F. Merrill, Last Grantee in the Regular Chain of Title of Such Lands, or of Any Interest Therein, as Appearing by the Records in the Office of the Register of Deeds of Said County."

The sheriff's return of service follows:

"STATE OF MICHIGAN,          ⎫
                             ⎬ SS.:
County of Cheboygan,         ⎭

"I do hereby certify and return that on the 18th day of August, A. D. 1914, I served a notice of which the within is a true copy upon Homer F. Merrill, to whom said notice is addressed, by personally delivering such notice to the said above-named person in said county of Cheboygan, the said person being a resident of said county.

"BYRON M. WATSON,

"Sheriff of the County of Cheboygan.

"My fees, $4.00."

Proof of service was filed with the county clerk on the 27th day of August, 1914. The proofs disclosed that service of the notice was not made personally upon plaintiff, Homer F. Merrill, but was on said date (August 18, 1914), left with the wife of said plaintiff, Anna Merrill, with the request that she hand it to her husband; he being absent at the time. The bill avers that plaintiff's wife, instead of calling the notice to his attention, mislaid the same, and that he did not learn of it until some time later, to wit, "on or about the 15th day of December, 1914." Plaintiff wrote the

defendant, for the purpose of redeeming said parcel of land, and requested defendant to advise him of the amount of defendant's lien, which letter was addressed to the defendant at Alanson, Mich. To this letter, which was forwarded to defendant in Kansas, defendant made the following reply:

"ARCADIA, KAN., Jan. 30, '15.
"H. F. MERRILL,
"Millington, Mich.
"*Dear Sir:* Your letter was forwarded to me here. In reply would say I cannot settle with you as I understand it. You must settle it at the county treasurer's office at Petoskey.
"Yours respectfully,
"RUFUS L. MYERS,
"Alanson, Mich."

Plaintiff thereafter, and on March 22d, wrote the following letter:

"MILLINGTON, Mar. 22.
"THE COUNTY TREASURER,
"Petoskey, Mich.
"*Dear Sir:* I wrote to R. L. Myers in regard to the taxes on the eighty acres inclosed. He said I would have to settle with you, so wish you would look it up and let me know as soon as possible how much there is to be paid, and I will fix it right up. Thanking you,
"Yours truly,
"H. F. MERRILL,
"Millington."

This letter was handed to the county clerk, who replied as follows:

"PETOSKEY, MICH., Mar. 24, 1915.
"MR. HOMER MERRILL,
"Millington, Mich.
"*Dear Sir:* Mr. White, the county treasurer, has handed me your letter to him relative to the redemption of the inclosed tax matter. In reply will say that this matter has passed the period in which I have the authority to settle. The matter is now between you and Mr. Myers. The tax notice was filed in this

office Aug. 27, 1914, and you then had six months, or until Feb. 27, 1915, in which to redeem through this office. The amount necessary to redeem during that time was as follows:

| | |
|---|---:|
| Double the tax $9.05 | $18.10 |
| For each description | 5.00 |
| Sheriff's fees | 4.00 |
| Filing fees | .25 |

"If you want to settle this up, write to Rufus L. Myers, Alanson, Mich.

"Yours very truly,

"ALLEN C. MADLEM,

"County Clerk."

It was claimed in the court below, and is urged here, that the plaintiff is entitled to a reconveyance:

A. "Because the service of the notice of reconveyance, by leaving the same with the wife of the plaintiff, during the latter's temporary absence from home, is not such a service as is contemplated by the law."

B. "Because it was the duty of defendant to furnish the plaintiff, when requested, with a statement of the amount due him from the latter in order to entitle said plaintiff to a reconveyance, and that defendant's refusal to furnish such information operated as an extension of the time of redemption until such information was furnished."

The court below held against the plaintiff upon the first proposition, but in his favor upon the second, and made a decree providing for a reconveyance upon the payment of the sum of $27.10. From this decree defendant appeals.

BROOKE, J. (after stating the facts). Under the conceded facts, the service in this case was good, and was within the terms of the statute, which provides:

"That such service may be made upon any resident of this State by leaving such notice at his usual place of residence with some member of his family of mature age." Act No. 270, Pub. Acts 1909 (1 Comp. Laws 1915, § 4138).

According to the averment of the bill of complaint, plaintiff had actual notice of the situation more than two months before the expiration of the six months period provided by the statute for redemption. By his own showing he must have received defendant's letter, referring him to the county treasurer, more than three weeks before the expiration of said time. The period of redemption expired on February 27th, yet we find that he did not write to the county treasurer until March 22d, after said period had expired. With reference to the notice the learned circuit judge said:

"Plaintiff had to know the amount of the sheriff's fees before he could redeem. The notice did not furnish the information. He could not be expected to decide by his own investigation, and decide correctly, at the peril of losing his land for not tendering a large enough amount, or of losing his money if he tendered too large an amount. There might be a very serious question as to what was the correct and legal amount of the sheriff's fees. Two sources of information were open to him, the defendant and the county clerk, or register in chancery. He could not redeem without this knowledge. He sought it from the defendant, who had caused the notice to be given, and who, in effect, refused to give the information. By his conduct he reduced the number of places where the statute provided redemption might be had from two to one. Such action should extend the period of redemption, so as to allow the plaintiff in this case to redeem."

With this conclusion we are unable to agree. The notice advised the plaintiff that he could make payment either to the undersigned or to the register in chancery of the county. Plaintiff could have readily ascertained the amount of the fees from the register, and it was his duty to have done so. It is impossible to escape the conclusion that in this case the plaintiff was guilty of the grossest laches, and that, having through such laches lost his right to redemption within the time fixed by the statute, the courts are power-

less to aid him. *Paine* v. *Boynton*, 124 Mich. 194 (82 N. W. 816) ; *Rousseau* v. *Riihiniemi*, 186 Mich. 653 (153 N. W. 23).

The decree of the court below must be reversed, and the bill dismissed, with costs to appellant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.