ATKINSON v. ST. MATTHIAS CHURCH.

1. VENDOR AND PURCHASER—CONVEYANCE TO THIRD PARTY.
   The vendee in a land contract may consent that title be conveyed to a third party.

2. QUIETING TITLE—TITLE TO LAND.
   In a suit against a church to restrain summary proceedings and to be decreed owner of property title to which was in defendant, evidence *held*, to sustain the claim of defendant that plaintiff advanced the money for the in-

itial payment on the premises for the benefit of defendant, and later consented to conveyance to defendant and accepted an assignment of a mortgage thereon to secure her for the money advanced, entitling defendant to decree.

3. SAME—RENT—EQUITY.
   Where defendant had the use of plaintiff's money without interest, and plaintiff had made repairs to the house in excess of the amount charged, defendant *held*, not equitably entitled to rent while plaintiff had possession.

Appeal from Wayne; Hosmer (George S.), J. Submitted October 27, 1921. (Docket No. 154.) Decided December 22, 1921.

Bill by Louise W. Atkinson against the St. Matthias Church and others to restrain summary proceedings, and to be decreed owner of land title to which stands in defendant. From a decree for plaintiff, defendant church appeals. Reversed, and decree entered.

*James H. Pound*, for plaintiff.

*Sid A. Erwin* (*Samuel Shimans* and *Frank T. Lodge*, of counsel), for appellant.

WIEST, J.   Bill by plaintiff to be decreed the owner of a certain lot, title to which stands of record in the name of defendant church. She claims that she entered into a contract with Robert S. Forbes and wife, the owners, for the purchase of the lot and paid $635 down on the contract, and that later she was advised by defendant Erwin, acting in behalf of defendant church—

"that it would be more advantageous to her, plaintiff, and to the church, if the legal title should be taken in the name of the church rather than in her own name, as by such a procedure the property would be exempt from the obligation of the payment of State, county and city taxes;"

that it was also agreed that, if the title was put in the name of the church, the plaintiff was to have a supplementary writing showing her ownership; that it was also agreed that, notwithstanding the conveyance to defendant church the title really and equitably would vest in plaintiff; that in accordance with such understanding the original agreement between Mr. and Mrs. Forbes and the plaintiff was ignored and plaintiff paid to Mr. and Mrs. Forbes, on or about April 3, 1915, the sum of $5,000 in addition to the $635 theretofore paid by her; that Mr. and Mrs. Forbes executed a warranty deed of the property to the wardens and vestry of St. Matthias church, and on the same day the wardens and vestry of the church executed their note to Mr. and Mrs. Forbes for $7,000, secured by first mortgage upon the property; that at the same time the wardens and vestry executed another note in the sum of $5,000 to Mr. and Mrs. Forbes, payable 10 years from that date, without interest, and secured by a second mortgage upon the property, and at once Mr. and Mrs. Forbes indorsed the $5,000 note over to plaintiff, without recourse, and assigned to her the second mortgage of $5,000; that she has possession of the premises and the defendant church commenced suit by summary proceeding to get possession thereof.

The defendant church, by answer, denied the claim of title advanced by plaintiff and alleged that plaintiff, being aware of the desire of the church to acquire the property for a rectory, and being willing to aid the church, volunteered to pay $5,000 of the purchase price of the lot and take a second mortgage thereon without interest, and that she paid the $635 in order to assist the church in acquiring the lot and that such sum has been repaid to her, and while she did loan the church $5,000 she holds the note and mortgage of the church as security for the same.

The circuit judge decreed the title to plaintiff and the defendant church has appealed from such decree. The defendants Lang, Erwin, Murray, Cobb, Phelps, Watts and Fenn pleaded their official character as vestrymen of the church, and the defendant Atkinson his relation as rector, and all disclaimed any personal interest in the property.

The pleadings are too long to be given at length and the evidence too voluminous to be quoted, and we shall, therefore, state no more than our conclusions reached after a careful consideration of the evidence. St. Matthias church appears to be a congregation somewhat limited as to financial means.   Defendant W. A. Atkinson is the husband of plaintiff and for some time was rector of defendant church, and he and his wife at the time of the transaction in suit expected that he would continue as such rector for many years, if not for life, but he went to the Mexican border with the troops as chaplain of a regiment, and some time after his return went to Europe as chaplain of a regiment in the World War, and resigned as rector.

It is clear that plaintiff was much interested in the welfare of the church, at least up to the time her husband resigned.   Plaintiff learned of the desire of the church vestry to acquire the land in suit for the purpose of a rectory, it being located next to the lot upon which it was intended to build the church, and she attended meetings of the vestry when the subject was discussed and one of the vestrymen delegated to see the owner and find out the price.   The price was ascertained but the vestry felt too poor to pay it and there the matter rested some months.   When taken up again it was found that the owner had raised his price and wanted $12,635.

We are fully persuaded that plaintiff entered into the desire of the church to acquire the lot for a rectory,

and as testified by several of the vestrymen she offered to advance $635 and secure a land contract for the lot for the church, upon the promise that she should be repaid, and the land contract was taken in her name because she paid the $635 and wanted to have security. We are also fully satisfied that she offered to loan the defendant church $5,000 for 10 years without interest, and did so loan the money and was to have, and was given, a second mortgage on the lot, and this fully accounts for what was in fact done.

Mr. Forbes and his wife executed a deed to defendant church and plaintiff was a witness upon the deed, and plaintiff gave the Forbeses $5,000 and the church gave the Forbeses a first mortgage of $7,000 on the lot and a second mortgage of $5,000 was given the Forbeses and at once assigned by them to plaintiff.

The claim of plaintiff that she was to have some writing showing that the defendant church was merely holding title for her is not supported by the evidence but wholly negatived. Her claim that before she consented to purchase she had an understanding that the parish house should not come more than a certain number of feet upon the land does not harmonize with the title she now claims, but does square with the claim of defendant church that in building the parish house the sunlight should not be cut off from the rectory.

It appears from the evidence that the defendant church paid the interest upon the $7,000 mortgage and agreed with plaintiff that she might have certain repairs made upon the house to make it more suitable for a rectory, and that she might expend for this purpose $1,000, and plaintiff caused repairs to be made upon the house and built a sun parlor and sleeping porch and she claims the repairs have cost about $3,000. The evidence relative to such repairs is persuasive that she was authorized to expend $1,000, and

when it became evident that she was going beyond that amount she informed the vestry that she would pay for the repairs in excess of $1,000.

The land contract between plaintiff and the owners did not stand in the way of plaintiff's consenting that title be conveyed to defendant church. *Stevens* v. *Wakeman*, 213 Mich. 559.

We have not overlooked the statute, section 11571, 3 Comp. Laws 1915, against resulting trusts, but the evidence so fully negatives plaintiff's claims that it is unnecessary to apply the statute.

Defendant church asks that plaintiff be charged with rent from the date of notice to quit. The exercise of a very little elementary business care by the parties would have avoided this litigation. The church having had the use of plaintiff's money without interest, we think that equity will be best served by the holding that the use of plaintiff's money and the repairs made upon the building at plaintiff's own expense, that is above $1,000, offset the rent.

We find the title to the premises in defendant church, and the fraud alleged by plaintiff has not been established by the evidence.

The defendant church offers to pay plaintiff the $5,000 loaned and the $1,000 for repairs authorized, and to do so at once. We think this reasonable and the decree will provide that upon such payment to plaintiff, or into court for her, she shall immediately discharge the $5,000 mortgage and surrender the note and vacate the premises and surrender possession thereof to defendant church.

The decree entered below is set aside and a decree will be entered here in accordance with this opinion, with costs against plaintiff and in favor of the defendant church to be taxed.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.