CAMPBELL *v*. KRUCE.

FRAUDS, STATUTE OF — RETURN OF CONTRACT AND SURRENDER OF PREMISES—EXECUTED CONTRACT.

In an action by the vendee in a land contract for the amount agreed to be paid to him by the vendor as a consideration for delivering up the contract and possession of the premises, where plaintiff had performed his part of the contract and there was nothing left to be done except the payment of the consideration, defendant's claim that there was no legal surrender of the premises under 3 Comp. Laws 1915, § 11975, because not made in writing, is without merit, said statute not being applicable to an executed contract.

Error to Wayne; Tappan (Harvey), J., presiding. Submitted January 22, 1924.    (Docket No. 99.)    Decided April 10, 1924.

Assumpsit by Howard H. Campbell against Edwin J. Kruce for an amount agreed to be paid upon the surrender of a land contract.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Robert M. Brownson,* for appellant.

*Hollis Harshman* and *Maurice FitzGerald,* for appellee.

BIRD, J.     Defendant sold to plaintiff, on contract, certain real estate situate on Lafayette boulevard, in the city of Detroit, for $135,000.     The terms of payment were:  $10,000 down, $5,000 on January 1, 1922, and $5,000 on February 1, 1922.     The balance, $115,000, in deferred payments.     Plaintiff paid $9,200 of the down payment, and defaulted on the January and February payments.     After plaintiff defaulted in these payments defendant forfeited the contract and gave plaintiff notice thereof.     Later defendant began summary proceedings to recover possession of the premises.  ·  While these proceedings were pending the parties had a conference in which they discussed their differences and respective equities, and plaintiff asserts that it was agreed at that conference that defendant should allow him $6,100 for his equity in the premises, and he should deliver up his contract and give defendant immediate possession of the premises, which he did, and the proceedings before the commissioner were dismissed.     Subsequently to this defendant conveyed the premises to other parties, but refused to pay plaintiff the $6,100 agreed upon.

Defendant concedes that plaintiff gave him possession of the premises and surrendered his contract, and that he thereafter conveyed the premises to other parties, but he denies that he promised plaintiff to pay him $6,100 in settlement of the matter.     This issue was presented to a jury and they found a verdict for plaintiff in the amount claimed.

The question raised by defendant in this court is that plaintiff never legally surrendered the premises, that nothing but a parol surrender was made, and that this was in violation of 3 Comp. Laws 1915, § 11975,

and, therefore, there was no consideration for defendant's promise if he made one.    In support of this argument counsel cites the following cases:    *McEwan* v. *Ortman,* 34 Mich. 325; *Grunow* v. *Salter,* 118 Mich. 148; *In re Reh's Estate,* 196 Mich. 210; *Stewart* v. *McLaughlin's Estate,* 126 Mich. 1; *Underwood* v. *Slaght,* 213 Mich. 391; *Waller* v. *Lieberman,* 214 Mich. 428; *Lackovic* v. *Campbell,* 225 Mich. 1.

We think the cases cited are not in point because they involve executory contracts and contracts surrendered by operation by law, whereas these facts involve an executed contract where nothing was left to be done except the payment of the consideration. If plaintiff's version of the affair is to be accepted he surrendered his duplicate contract, went to the premises with defendant and put him in possession thereof, and subsequently it is conceded defendant sold them to another.    These circumstances also bring the case clearly within the ruling in *Sullivan* v. *Dunham,* 42 Mich. 518.

If plaintiff placed his contract of record he should, upon payment of the present judgment, furnish defendant with a release of his interest in the premises in writing for the benefit of the record.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.