### STEVENS *v.* DEBAR.

1. VENDOR AND PURCHASER—VENDEE HAS EQUITABLE TITLE.

A vendee's interest under an executory contract is an equitable title in the land, while the vendor holds the legal title.[1]

2. ESTOPPEL—DEEDS—PARTY ESTOPPED FROM DENYING TITLE HE HAS CREATED.

Although title to real estate may not be created by estoppel, a party may estop himself after the arrangements have been fully executed from asserting that the title he by his own acts has created or aided in creating is not the true title.[2]

3. VENDOR AND PURCHASER—VENDEE'S ACT IN JOINING IN MORTGAGE RATIFICATION OF ORAL ORDER TO CONVEY TO HERSELF AND ANOTHER—FRAUDS, STATUTE OF.

Where the vendee in a land contract orally directed the vendor to convey the legal title to herself and her divorced husband, with right of survivorship, her act in joining with him in the execution of a mortgage back for the balance of the purchase price was a part of the same transaction and amounted to a ratification in writing sufficient to satisfy 3 Comp. Laws 1915, § 11975, providing that the vendee's interest in land under a contract may not be conveyed or surrendered except by deed or conveyance in writing.[3]

Appeal from Ingham; Carr (Leland W.), J. Submitted October 9, 1924. (Docket No. 54.) Decided December 10, 1924.

Bill by Belle C. Stevens against Simeon DeBar to set aside a deed. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*A. M. Cummins,* for plaintiff.

*Jason E. Nichols,* for defendant.

---

[1]Vendor and Purchaser, 39 Cyc. p. 1612; [2]Estoppel, 20 C. J. § 201 (1926 Anno); [3]Vendor and Purchaser, 39 Cyc. p. 1676 (1926 Anno).

Defendant was married to Rose DeBar in 1908. On May 20, 1918, she obtained a divorce. She was given the interest defendant had under a contract of purchase in a house and lot located on Lenawee street in the city of Lansing. This appears to have been all the property defendant had. She was also awarded an attorney fee and $5 a week for a year. She also received some property from her father's estate. Some time after the divorce she sold the Lenawee street property, and ultimately purchased on contract a house on St. Joseph street from Hardy Bros. The vendor's interest in this contract subsequently passed with the title to Mrs. Hardy in the settlement of her husband's estate. Mrs. DeBar was afflicted with tubercular trouble and it was apparent in 1922 that she would not long survive. She had no children and plaintiff, her only sister, aided some in her care as did plaintiff's daughter. Defendant also called and assisted her as did some of his relatives. Mrs. DeBar was then in default in the payments on her contract but Mrs. Hardy assured her that she need not worry about them. She, however, sent for Mrs. Hardy and at her request Mrs. Hardy executed a deed of the premises to Mrs. DeBar and defendant Simeon DeBar and to the survivor and took back a mortgage signed by them for the balance of the purchase price. Mrs. DeBar died December 9, 1922, and this bill is filed by plaintiff as sole heir at law to set aside the deed. From a decree dismissing her bill plaintiff appeals.

FELLOWS, J. (*after stating the facts*). Relief is not sought on the ground of mental incapacity of Mrs. DeBar although it is claimed that her mental and physical condition made her more susceptible to undue influence which it is charged was exercised in procuring the deed. A careful reading of the record, however, convinces us that plaintiff is not entitled to relief

on the ground of undue influence and we proceed at once to the only question meriting discussion.

Mrs. DeBar's interest in the premises was that of a vendee under a land contract, an equitable interest or title. The claim of plaintiff who stands in her shoes is that this interest may not be conveyed or surrendered except "by a deed or conveyance in writing" in accordance with the provisions of section 11975, 3 Comp. Laws 1915.

There can be no question under our decisions that the vendee's interest under an executory contract is an equitable title in the land; the vendor holds the legal title. In the instant case the vendee, Mrs. DeBar, directed the vendor, Mrs. Hardy, to convey the legal title to herself and her former husband jointly with the right of survivorship; Mrs. Hardy complied with such direction, and as a part of the one transaction Mrs. DeBar *in writing* ratified it by executing with her former husband a mortgage for the balance of the purchase price. May the plaintiff whose sole rights are as heir at law of Mrs. DeBar and whose rights can be no greater than Mrs. DeBar's assail in a court of equity this transaction, this executed contract? We think not. This court has consistently held that title to real estate may not be created by estoppel, but in numerous cases this court has also held that a party may estop himself after the arrangements have been fully executed from asserting that the title he by his own acts has created or aided in creating is not the true title. In *Gugins* v. *Van Gorder,* 10 Mich. 523 (82 Am. Dec. 55), Gugins and wife conveyed by deed certain real estate to one Goodrich; within a few days Goodrich returned the deed, it was destroyed and Goodrich was repaid the purchase price. Plaintiffs were the heirs at law of the Gugins and defendant claimed title through Goodrich. The court held that under the statute here involved Goodrich could only surrender or convey the title acquired

by him by a writing, but having received back the consideration and participated in the destruction of the deed, he and those claiming under him were estopped from giving parol evidence of the contents of the deed destroyed by his consent. That this case goes beyond deciding a technical rule of evidence is made clear by the case of *First National Bank of Kalamazoo* v. *McAllister*, 46 Mich. 397. In this case McAllister held an unrecorded deed to the land in question. He at that time owed his wife considerable money and to secure her the deed to him was destroyed and a new deed executed direct to her. Afterwards an arrangement was made that she should advance a further sum of $500 and become the absolute owner. She advanced the money and surrendered the evidence of her indebtedness. Complainant having obtained judgment against McAllister levied on the land and filed the bill in aid of execution. It was held that complainant could take no greater interest than McAllister and that he by his conduct was estopped. It was said by Justice CAMPBELL, speaking for the court:

"As between the parties, it is we think settled law that one who has deliberately and without any fraud or deceit practiced on him, but on the contrary with the intent for good reasons to have the legal title placed in some one else, obtained a transfer which has all the apparent qualities of such a title, cannot assail it by parol evidence, and show the existence of a former deed to himself which he has suppressed without recording, for the very purpose of having the land reconveyed by his own grantor. The case comes within the rule laid down in *Gugins* v. *Van Gorder*, 10 Mich. 523. It seems to be supposed that that case merely decided a technical point of evidence, and is not consistent with *Hayes* v. *Livingston*, 34 Mich. 384 (22 Am. Rep. 533), and some other decisions which hold that title to land cannot pass by mere estoppel shown by parol. In this case it is complainants and not defendants that rely on parol evidence to show a

title.     Mrs. McAllister holds the legal title of record. The presumptions in her favor cannot be destroyed without proof of an earlier right which is based on superior equities, because the first deed recorded is presumptively the best.     There would be no equity whatever in allowing a party who has been the procuring agent in giving her this legal priority to destroy it in his own favor, by showing by parol evidence that he once had an unrecorded deed from the same grantor.     Complainants show no equity whatever, and are bound by the estoppel against McAllister."

This case in turn was followed in *Crittenden* v. *Canfield*, 87 Mich. 152, in which it was said:

"Edward C. Gallup having an equitable right to a reconveyance from James, had an undoubted right to relinquish such equitable interest, and bestow it by way of gift upon Elizabeth; and when the title was conveyed to her at his request, it became a gift as valid as if he had taken a reconveyance from James, and conveyed direct to her, in consideration of love and affection, and in anticipation of approaching death."

In *Sullivan* v. *Dunham*, 42 Mich. 518, the vendee in a land contract had given the contract back to the vendor under an agreement that the vendor should trade the land and pay him one-half the "boot money." The entire transaction rested in parol.     The land having been traded the vendee brought suit to recover his share of the "boot money."     The defense relied upon was the statute here invoked but it was without avail. The contract although resting in parol had been executed and ratified by plaintiff bringing suit.     This was followed in the recent case of *Campbell* v. *Kruce*, 226 Mich. 699, where a number of cases here relied upon were also relied upon.     It was there said by Justice BIRD, speaking for the court:

"We think the cases cited are not in point because they involve executory contracts and contracts surrendered by operation by law, whereas these facts involve an executed contract where nothing was left

to be done except the payment of the consideration. If plaintiff's version of the affair is to be accepted he surrendered his duplicate contract, went to the premises with defendant and put him in possession thereof, and subsequently it is conceded defendant sold them to another. These circumstances also bring the case clearly within the ruling in *Sullivan* v. *Dunham,* 42 Mich. 518."

See, also, *Logan* v. *Anderson,* 2 Doug. 101; *Munch* v. *Shabel,* 37 Mich. 166; *White* v. *Cleaver,* 75 Mich. 17; *Gerber* v. *Upton,* 123 Mich. 605; *Craig* v. *Crossman,* 209 Mich. 462; *Stevens* v. *Wakeman,* 213 Mich. 559; *Atkinson* v. *St. Matthias Church,* 217 Mich. 204.

The executing of the deed by Mrs. Hardy to defendant and his former wife and the executing of the mortgage by them to Mrs. Hardy constituted but a single transaction (*Hammel* v. *National Bank,* 129 Mich. 176 [95 Am. St. Rep. 431]); it was a fully executed transaction; it was all done by the direction of Mrs. DeBar through whom plaintiff claims title. Mrs. DeBar not only orally directed it, but she ratified it in writing by signing the purchase money mortgage given back to Mrs. Hardy. She knew she could not long survive; the nucleus at least of the property came from her former husband; it represented the earnings of a lifetime. She was still fond of him and in her troubles he had been kind to her; she was in default in payments, taxes worried her and by the arrangement made she was secured from further trouble over the contract and the little home went at her death to the man with whom she had lived for ten years.

Plaintiff was not entitled to this property as matter of law or of equity and the decree dismissing her bill will stand affirmed, with costs of this court.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.