STRAND AMUSEMENT CO. *v.* HALL.

1. EVIDENCE — CONTRACTS — LEASES — INTERPRETATION—PAROL EVIDENCE ADMISSIBLE TO INTERPRET AMBIGUOUS LEASE.

A provision in a lease allowing the lessees to "cancel this lease after the first year," was so ambiguous that there was no error in receiving parol evidence as to its meaning.

2. LANDLORD AND TENANT—RIGHT TO CANCEL LEASE.

Finding by the trial court, aided by parol evidence, that a provision in a lease allowing the lessees to "cancel this lease after the first year," was a provision that it might be canceled as of or to take effect at the end of the first year, cannot be said to be against the weight of the evidence.

3. SAME—ACCEPTANCE OF ASSIGNEE AS TENANT RELEASES ASSIGNOR.

If a lessee assign, and the lessor accept the assignee of the lessee as his tenant, that, in point of law, puts an end to the privity of estate between the lessor and the lessee.

On liability of lessee, sublessee, or assignee for rent accruing after assignment or sublease, see annotation in 52 L. R. A. (N. S.) 968.

4. SAME—ASSIGNMENT TO PARTNER.

> Where a partnership leased a building, and thereafter one of the partners, to the knowledge of the lessor, assigned his interest to his partner, and the lessor thereafter looked to said assignee for the rent, the effect was to accept him as the lessee and to release the assignor.

Error to Muskegon; Vanderwerp (John), J. Submitted October 4, 1928. (Docket No. 39, Calendar No. 33,923.) Submitted December 4, 1928.

Assumpsit by the Strand Amusement Company against William M. Hall, George A. Bloomquist, and Elmer H. Bard, doing business as Hall & Bloomquist, for rent. Judgment for plaintiff. Defendants bring error. Affirmed as to defendants Hall and Bard, and reversed as to defendant Bloomquist.

*Willard G. Turner, Jr.* (*Raymond J. Engle* and *R. Burr Cochran,* of counsel), for appellants Hall and Bard.

*Harold H. Smedley,* for appellant Bloomquist.

*Alexis J. Rogoski,* for appellee.

CLARK, J. This is a suit for rent claimed to be due under a written lease given by plaintiff to defendants, copartners, for a term of three years beginning December 1, 1924. Defendants occupied the premises until November 1, 1926, having given notice to plaintiff in August, 1926, of their election to cancel. Plaintiff denied the right to cancel, and sought rent for the remainder of the term, less deduction in mitigation, and had judgment in a trial by the court without a jury.

The controversy centers chiefly on the following from the lease:

"Parties of the second part (defendants) are privileged to cancel this lease after the first year."

Defendants contend that the sentence means that they might cancel at any time after the end of the first year and that there is no uncertainty or ambiguity of language. Plaintiff contends that the meaning is that defendants might cancel as of the end of the first year and not afterward, and that the language is ambiguous, permitting the court to receive and to consider parol evidence. The court thought there was ambiguity, received and considered parol evidence, and found for plaintiff. Defendants bring error.

We think the words "after the first year," as used, were not so certain and definite of meaning as to require holding that the court erred in receiving parol evidence. See 1 Words and Phrases (1st Ser.), 253; 1 Words and Phrases (2d Ser.), 151; 2 C. J. p. 395.

Aided by the parol evidence, the court found that the agreement between the parties in fact was that the lease might be canceled as of or to take effect at the end of the first year. It cannot be said that the finding is against the weight of the evidence, and it therefore stands.

Defendant Bloomquist, one of the partners, took separate exceptions to the findings, assigned error, and filed a separate brief contending that he is not liable and that the finding of the court to the contrary is against the clear weight of the evidence. The court found that Bloomquist had assigned his interest in the lease to defendant Hall, another partner, and that plaintiff had not consented thereto. Plaintiff has not briefed this question. Our examination of the record shows the following: Plaintiff's secretary-treasurer testified:

"I remember that Mr. Bloomquist got out of the partnership and left Mr. Hall there alone. And I

continued after that time with Mr. Hall.  \*  \*  \*  I never asked Mr. Bloomquist for the rent after the building was vacated. I looked to Mr. Hall for the rent all of the time; he was the one left there; he was the tenant, and it made no difference to me, just so the rent was paid. The notice I got, and the rent I got, at the time of the cancellation, were from Mr. Hall, and, he being the remaining lessee under the lease, he would be entitled to any provision made in it as far as we are concerned.''

We find nothing to controvert this in the record. The lessee Bloomquist assigned. The lessor accepted his assignee as tenant, and accepted rent from him. An applicable rule in such case is stated in *Logan* v. *Anderson,* 2 Doug. 101:

'' 'If a lessee assign, and the lessor accept the assignee of the lessee as his tenant, that, in point of law, puts an end to the privity of estate between the lessor and the lessee.' In the same case, the court further remarked that, 'a landlord could not have two tenants at the same time; and here the plaintiff had made his election to take Perks as his tenant.' ''

Judgment affirmed, except as to Bloomquist, and as to him reversed without new trial and with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.