FIRST NATIONAL BANK OF KALAMAZOO v. JOHN J. MCALLISTER ET AL.

*Bill in aid of execution—Right of grantee—Extinguishment of parol interest—Conveyance to wife to cancel debt—Suppression of deed—Levy on lands—Estoppel—Priority of record.*

Where a bill in aid of execution is filed to reach land which has been previously conveyed without fraudulent intent, the grantee's right must be determined by the original nature of the transactions, and cannot be made to depend on later dealings with other lands which are not involved in the litigation.

An interest that rests in parol may be extinguished by parol.

A purchaser of land was in debt to his wife to an amount exceeding the purchase money, and as she desired security, he returned his deed to the grantor and had another executed directly to her. She afterward wished to buy the land outright, and gave up to her husband the evidences of his debt. *Held*, that as between them the transaction could be upheld as a sale; the cancelling of the debt was a complete payment of consideration.

One who has deliberately obtained an apparently legal transfer of land with intent to have the legal title placed in some one else, and that for good reasons, and without fraud or deceit being practiced on him, cannot afterwards assail the transfer by parol evidence and show a former deed to himself which he had suppressed, without recording, in order to have the land reconveyed.

Judgment creditors levying upon land that has been previously conveyed in good faith on both sides, obtain by their levy no better title than is held by the debtor.

Title to land cannot pass by a mere estoppel shown by parol; neither can an apparent title be assailed by the parol evidence of one who has caused its transfer.

The presumption in favor of one who holds the earliest recorded title, cannot be destroyed without proof of an earlier right based on superior equities.

Appeal from St. Joseph. Submitted June 17-21. Decided June 29.

Bill in aid of execution. Both parties appeal. Reversed; bill dismissed.

*Germain H. Mason* and *Henry F. Severens* for complainant. Destruction of a deed does not re-vest title: *Ward v. Lumley* 5 H. & N. 87; *Gilbert v. Bulkley* 5 Conn. 262; *Conway v. Deerfield* 11 Mass. 332; *Holbrook v. Tirrell* 9 Pick. 108; *Steel v. Steel* 4 Allen 422; *Wilson v. Hill* 2 Beas. 143; *Patterson v. Yeaton* 47 Me. 308; *Fawcetts v. Kimmey* 33 Ala. 264; *Kearsing v. Kilian* 18 Cal. 491; *Holmes v. Trout* 7 Pet. 171; *Botsford v. Morehouse* 4 Conn. 550; 1 Greenl. Ed. § 265; a grantee who has consented to the destruction of the deed is estopped from giving parol evidence of it for the purpose of claiming title: *Gugins v. Van Gorder* 10 Mich. 523; but where the deed

is admitted there is no ground for estoppel: *Hayes v. Livingstone* 34 Mich. 391; *Wright v. DeGroff* 14 Mich. 164; *Gimon v. Davis* 36 Ala. 589.

*O. J. Fast, Dallas Boudeman* and *H. H. Riley* for defendants. Where the parties to a deed have voluntarily destroyed it with intent that the title should thereby revest, they are estopped from giving parol evidence of the contents of the deed: 3 Wash. R. P. (4th ed.) § 587 (45a); *Com. v. Dudley* 10 Mass. 402; *Lawrence v. Stratton* 6 Cush. 163; *Holbrook v. Tirrell* 9 Pick. 104; *Trull v. Skinner* 17 Pick. 213; *Blaney v. Hanks* 14 Ia. 400; *Sullivan v. Dunham* 42 Mich. 518; the conveyance in this case was absolute: *Green v. Butler* 26 Cal. 595; *Wynkoop v. Cowing* 21 Ill. 583; *Hinkley v. Wheelwright* 29 Md. 341; *Gwinn v. Smith* 55 Ga. 145; *Harrison v. Trustees* 12 Mass. 456; *Marshall v. Stewart* 17 Ohio 356; *Vennum v. Babcock* 13 Ia. 194; *Falis v. Conway Ins. Co.* 7 Allen 49; *Rice v. Rice* 4 Pick. 350; omission to record a deed made by a husband to his wife in payment of a debt does not in law show a fraudulent intent as against creditors: *Lyman v. Cessford* 15 Ia. 229; *Mixell v. Mixell* 34 Ill. 382; *Page v. Kendrick* 10 Mich. 300; *Keeler v. Ullrich* 32 Mich. 88; *Gale v. Gould* 40 Mich. 515; if made for a valid and adequate consideration at any time before levy on the property of the husband, it ought to be sustained: *Hill v. Bowman* 35 Mich. 191; *Darling v. Hurst* 39 Mich. 765; *Brigham v. Fawcett* 42 Mich. 542; joint occupancy does not show title in the husband alone: Bump Fraud. Conv. 117.

CAMPBELL, J. Complainants filed their bill in aid of an execution levied on certain land in St. Joseph county, the record title of which was in defendant Rebecca, wife of John J. and step-mother of Adalbert N. McAllister. The debt was incurred by John J. and Adalbert N. jointly with Stephen Barnebee in 1878, and judgment rendered the same year. The deed to Mrs. McAllister was dated February 13, 1872, but not recorded until April 15, 1879. The execution was issued in May, 1879.

The relief is based on a claim that the land, which originally was vested in one Bourn, was bought of him in 1872 and then conveyed to one of the McAllisters, either John or Adalbert, and that, as is alleged, the deed to Rebecca was executed a long time subsequently, by their contrivance, to stand in lieu of the first deed, and without any re-conveyance to Bourn. It is claimed not only that no title actually passed to Mrs. McAllister, but also that the apparent title was put in her, and the deed left unrecorded, without any consideration, and with a purpose of defrauding existing and future creditors, and that the debt to complainant was incurred on representations of ownership of the land made to complainant.

If the transactions which actually took place conveyed any title to Mrs. McAllister, we are entirely satisfied there was no fraud in fact or in law in the conveyance. There is no reason to believe from the testimony that any debts existed which would have rendered even a purely voluntary conveyance to Mrs. McAllister fraudulent. Her husband appears to have been solvent, and free from any indebtedness which he had any occasion to guard against. And there is not the least evidence, in our opinion, which would justify the belief that there was any fraudulent design whatever. The transactions all took place about six years, or nearly that, before the present indebtedness arose, and whatever equities exist in the matter are too old to be in any way affected by transactions in 1878 or thereafter, to which Mrs. McAllister was no party. There is some evidence concerning recent dealings with other lands, which are not involved in this litigation, and which cannot affect this case. We think her rights must be determined by the original nature of the transactions.

The transfer of the land, as clearly shown from the proofs, was first made to John J. McAllister. He had previously received from his wife various moneys derived from the sale of her property, on which he had agreed to pay her interest until otherwise invested. At the time of the purchase from Bourn this debt exceeded the purchase money.

Before his deed was put on record she desired her husband to secure her on this land, and under the advice of counsel it was understood by all parties that it could be legally done by giving up the first deed, and having a conveyance made directly to Mrs. McAllister from Bourn. This course was taken, and the delay in the recording of this last deed is accounted for, and we think truly, by the forgetfulness of the husband, who had no errand to the county seat for a long time thereafter. The court below was satisfied thus far, and held the arrangement to be a valid mortgage but no more.

It appears further, that a few months after the deed was so taken, Mrs. McAllister made an arrangement to purchase the land absolutely, at an advance of five hundred dollars, and that she surrendered to her husband evidences of debt to the full amount and more, leaving a small balance still her due. If this was so, we think there was no difficulty in upholding it as a sale. She had the title in fee without any written defeasance, and no rule is better settled than the right to extinguish by parol an interest that rests in parol. The cancelling of the debt was a complete payment of consideration, and no further ceremony was needed to make the contract a completely executed one, if she already held the title.

The state of the record might have misled creditors of Bourn, but it could not have deceived any one else. We do not think the facts justify any inference of conduct on the part of Mrs. McAllister, of which her husband's creditors can complain. There was no misrepresentation, and in fact it appears that the farm was quite generally supposed to be hers, by those who had any interest in knowing. But there was nothing in the management which could have much importance in such case, unless her title came by direct conveyance from her husband instead of from Bourn.

The question, then, arises, whether Bourn's deed to her conveyed any title, in view of the former deed to her husband. There can be no doubt that under our recording

46 MICH.—26

laws she holds what the law presumes unexplained to be the best legal title. There can be as little doubt that in the absence of fraud on her part, complainants got by their levy no better title than McAllister possessed.

As between the parties, it is we think settled law that one who has deliberately and without any fraud or deceit practiced on him, but on the contrary with the intent for good reasons to have the legal title placed in some one else, obtained a transfer which has all the apparent qualities of such a title, cannot assail it by parol evidence, and show the existence of a former deed to himself which he has suppressed without recording, for the very purpose of having the land reconveyed by his own grantor. The case comes within the rule laid down in *Gugins v. Van Gorder* 10 Mich. 523. It seems to be supposed that that case merely decided a technical point of evidence, and is not consistent with *Hayes v. Livingston* 34 Mich. 384, and some other decisions which hold that title to land cannot pass by mere estoppel shown by parol. In this case it is complainants and not defendants that rely on parol evidence to show a title. Mrs. McAllister holds the legal title of record. The presumptions in her favor cannot be destroyed without proof of an earlier right which is based on superior equities, because the first deed recorded is presumptively the best. There would be no equity whatever in allowing a party who has been the procuring agent in giving her this legal priority to destroy it in his own favor, by showing by parol evidence that he once had an unrecorded deed from the same grantor. Complainants show no equity whatever, and are bound by the estoppel against McAllister.

Both parties appealed in this case. We think Mrs. McAllister's appeal was well taken, and that no relief should have been granted complainants against her. The decree must be reversed and the bill dismissed with costs of both courts in her favor.

The other Justices concurred.