BRENNAN *v.* FINN.

1. MORTGAGES—DEED AS MORTGAGE—EVIDENCE—BURDEN OF PROOF.
    The burden of proof is upon a plaintiff who asserts that
    a deed absolute upon its face is in fact a mortgage to
    establish his claim by clear, irrefragable and most con-
    vincing proof.

2. SAME—ORAL AGREEMENT—VALIDITY.
    A deed given as a mortgage may later be changed by oral
    agreement of the parties into an absolute deed.

3. SAME—EVIDENCE—BURDEN OF PROOF.
    Where defendant admitted that a deed absolute upon its
    face was first given to him in the nature of a mortgage,
    but claims that later it was handed back to plaintiff and
    redelivered to him as an absolute deed, the burden of
    proof is upon defendant to establish his claim.

4. SAME—EVIDENCE—SUFFICIENCY.
    Evidence *held*, insufficient to sustain the burden of proof
    that a deed in the nature of a mortgage was later changed
    in character to an absolute deed.

5. SAME—EQUITY—ATTORNEY FEE—MODIFICATION OF DECREE.
    Where plaintiff made a case for equitable relief, but the
    decree in his favor allowed defendant an attorney fee
    of $250, the decree, on appeal, will be modified by eliminat-
    ing the allowance of the fee.

Appeal from Wayne; Mayne (Frederick W.), J.,
presiding.    Submitted January 10, 1922.    (Docket
No. 76.)    Decided March 30, 1922.

Bill by Edward Brennan against Matthew Finn to
have a deed construed to be a mortgage, and for an
accounting. From a decree for plaintiff, both parties
appeal. Modified and affirmed.

*Sol Blumrosen,* for plaintiff.
*Donnelly, Hally, Lyster & Munro,* for defendant.

CLARK, J.   To secure a loan of $100, plaintiff conveyed certain land to defendant.   The conveyance was in the form of a warranty deed.   Shortly thereafter another loan was made to plaintiff by defendant on said security.   Later, to redeem the property from sale on execution and to pay taxes, defendant advanced upwards of $2,000, and claims that the said deed given as security was then returned to plaintiff and by him then delivered to defendant as a deed.   Plaintiff claims there was no such change in the character of the instrument and filed this bill offering to pay the amount found to be due, seeking an accounting and to have the instrument which was recorded as a deed decreed to be a mortgage and to have title restored to him.   Defendant claims that when the first loans were made he did not know of the execution sale, and that the later advances were made upon the understanding that he was to own the property absolutely, subject to an oral agreement between the parties that plaintiff might have the right for three months to sell the property, any excess arising from the sale to be divided between the parties.   This the plaintiff denied.   The controversy must be determined in the main upon the contradictory evidence of the parties themselves.   There was testimony of other witnesses, principally as to value of the land, in which, too, there is a lack of harmony.   The plaintiff was decreed the relief prayed.   Defendant in addition to the amount found to be due him at the date of the decree, $3,183, was allowed an attorney fee of $250.   Both parties appeal.

The burden of proof is upon a plaintiff who asserts that a deed absolute upon its face is in fact a mortgage to establish his claim by clear, irrefragable and most convincing proof.   *McArthur* v. *Robinson,* 104 Mich. 540; *Frolich* v. *Aikman,* 194 Mich. 569; *McMillan* v. *Bissell,* 63 Mich. 66.   And it was said in *Case* v.

*Peters,* 20 Mich. 298: "The court should be satisfied beyond a reasonable doubt." But this rule may not be invoked here against plaintiff, for it is conceded that the deed was at first for security. The defendant asserts in his defense that the deed in the nature of a mortgage was later changed by oral agreement of the parties into an absolute deed. That this may be done as between the parties was recognized (*First Nat. Bank of Kalamazoo* v. *McAllister,* 46 Mich. 397), but the said burden of proof is here upon the defendant to establish as indicated such claim asserted in his defense. *Stewart* v. *Ashley,* 34 Mich. 183; *Cady* v. *Burgess,* 144 Mich. 523.

A point in defendant's favor is that the total of his advances approached the value of the property. *Schmidt* v. *Barclay,* 161 Mich. 1. And it may be that when the first loans were made defendant did not know of the execution sale. But when the later advances were made, he was interested to the amount of the earlier loans, and we may consider the fact that defendant is an attorney at law of business experience as bearing upon the question of his taking an absolute deed in the manner claimed.

Upon a careful consideration of all the evidence, we think the defendant has not sustained the burden of proof in respect to his claim that the deed for security was later changed in character, and we are aided by the opinion of the trial judge who saw the witnesses and heard their testimony. And see *Cornell* v. *Hall,* 22 Mich. 377.

The plaintiff has made a case for equitable relief. The allowance of an attorney fee of $250 is eliminated, and the decree, as so modified, is affirmed, without costs.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.