POLOKOFF *v.* VEBB.

1. MORTGAGES—DEED AS MORTGAGE—EVIDENCE—BURDEN OF PROOF.
   The burden of proof is upon a plaintiff who asserts that
   a deed absolute upon its face is in fact a mortgage
   to establish his claim by clear, irrefragable, and most
   convincing proof.

2. SAME—ASSIGNMENTS—EVIDENCE—SUFFICIENCY.
   In a suit to compel the re-assignment of a land contract,
   the claim of plaintiffs that their assignment of their
   interest as vendees in a land contract, although absolute
   upon its face was in fact made as security for a loan
   which they have since repaid, *held*, not supported by suf-
   ficient proof to justify the court in holding that the
   assignment absolute upon its face is other than it purports
   to be.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted January 31, 1924.     (Docket No. 111.)
Decided April 10, 1924.

Bill by Harry Polokoff and another against Jan
Vebb for the re-assignment of a land contract.     From
a decree dismissing the bill, plaintiffs appeal.     Af-
firmed.

*Maurice Miller* and *Howard H. Campbell,* for plain-
tiffs.

*Moscowitz & Goldstick (Joseph B. Beckenstein,* of
counsel), for defendant.

SHARPE, J.     On February 21, 1921, plaintiffs, for
an expressed consideration of "one dollar and other
valuable considerations," assigned to defendant their
interest as vendees in a land contract entered into by
them on August 2, 1920, for the purchase of certain

real estate in Detroit.    It is their claim that this assignment was made as security for a loan of $500 then made to them by defendant.    Alleging that this sum has been repaid and that defendant refuses to re-assign the contract to them, they bring this suit to compel him to do so.    The defendant, answering, avers that he made an absolute and unconditional purchase of plaintiffs' interest in the contract.    The trial court entered a decree dismissing the bill, from which plaintiffs appeal.

"The burden of proof is upon a plaintiff who asserts that a deed absolute upon its face is in fact a mortgage to establish his claim by clear, irrefragable and most convincing proof."    *Brennan* v. *Finn*, 217 Mich. 584, 585.

Had the real consideration for this assignment been expressed therein instead of one dollar, etc., this suit would doubtless have been avoided.    There is proof tending to support plaintiffs' claim, but it is met by seemingly stronger proof opposing it.    Two witnesses accompanied defendant to plaintiffs' home at the time the assignment was executed.    The conversation was carried on in the Russian language, with which all the parties were familiar.    Alexander Barnett, one of the witnesses, testified that he explained the nature of the writing to plaintiffs.

"I told them that they are signing this paper, it means assigning the contract to Mr. Vebb.    *    *    * They said, we know."

Both he and Abraham Friedman, the other witness, testify that nothing was there said about a $500 loan or anything to indicate that the assignment was being taken as a security.    The contract property consisted of a parcel of land, on which was erected a block of stores, with a public hall in the second story.    Defendant had theretofore been collecting the rentals on this property for plaintiffs under a lease agreement

made between them.    The checks therefor were as
a rule made payable to plaintiffs.    One of the ten-
ants, Arthur Storm, testified that he made his check
for the payment due February 1st to plaintiffs, but
that "previous to March" Polokoff "came and intro-
duced Mr. Vebb as my new landlord.  *  *  *  He
told me to make checks to Mr. Vebb."    Extensions of
leases were thereafter granted and new leases made
by defendant, with plaintiffs' knowledge, if not assent.

The contract price was $33,600, of which $3,000 was
paid in cash and an equity in other property accepted
as payment of $5,700.    The balance was to be paid
"in quarter annual installments of six hundred dollars
($600) or more each."    Plaintiffs, three days after
their purchase, sold fixtures and merchandise included
therein for the sum of $3,000.    It is undisputed that
the butcher business plaintiffs were conducting was
not profitable after they made this purchase.    This
is clearly indicated by the fact that when the assign-
ment was made the payments due under the contract
had not been paid.    There were also taxes due and
unpaid.    It is defendant's claim that plaintiffs then
owed him for money loaned them $2,757.    For this
sum he held plaintiffs' written acknowledgments;
that he then paid plaintiffs $500 and these sums were
accepted as full payment for plaintiffs' interest in
the contract.    The payment of the $500 was evidenced
by a check, which plaintiffs admit they received.    It
also appears that defendant, after securing the assign-
ment, made improvements on the property; that in
June, 1922, defendant left for Europe and was gone
for four months, during which time plaintiffs had
nothing to do with the property, although, as they
claim, they had paid up the loan which the assignment
secured in the fall of 1921.    The bill of complaint
herein was not filed until February 2, 1923.

Plaintiffs' claim rests largely upon the fact that at
the time the dealings were had between them defend-

ant was an inmate of their home, that he was familiar with business matters and they were not, that they trusted him, and that a somewhat fiduciary relation existed between them.    We have no doubt that plaintiffs sought advice from defendant and relied on that given them.    While admitting the loans made to them by defendant, it is their claim that these moneys had all been repaid, and that their only indebtedness to defendant at the time the assignment was executed was the loan then made of $500.    They offer no supporting proof to show repayment of the sums admittedly borrowed. .   The notes were retained by defendant.    It appears that plaintiffs kept a bank account during at least a part of 1919 and 1920, but on June 22, 1920, the small balance to their credit was withdrawn and the account closed.    The sums they claim to have paid defendant may have been paid in cash, but it would seem that there should have been available at least some entry or memorandum tending to support their claim that such payments had been made.

We have reviewed the proofs as disclosed by the record at some length, because we were impressed at the argument and from a casual reading of the record that an advantage had been taken of plaintiffs by defendant.    While not clearly convinced to the contrary, we are persuaded that, on the record as presented, the plaintiffs have failed to produce sufficient proof to justify a court in holding that this assignment is other than it purports to be, an absolute transfer of their interest in this contract to defendant.

The decree is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.