## REHN *v*. BOOTH.

1. MORTGAGES—DEED AS MORTGAGE—EVIDENCE—BURDEN OF PROOF.
   The burden of proof is upon a plaintiff who asserts that a deed absolute upon its face is in fact a mortgage to establish his claim by clear, irrefragable, and most convincing proof.

2. FRAUDS, STATUTE OF—ORAL AGREEMENT TO PURCHASE LAND.
   Plaintiffs' oral agreement to purchase real estate from grantee of mortgagee who had purchased property upon foreclosure by advertisement of mortgage that had been given by plaintiffs and not redeemed by them was within the statute of frauds and void (3 Comp. Laws 1929, § 13413).

3. EVIDENCE—REMARKS MADE BY DECEASED TO THIRD PERSONS.
   Fragmentary remarks, claimed by third persons to have been made by the deceased, have little probative value, inasmuch as death has closed the lips claimed to have uttered them and thus cut off all refutation or explanation.

4. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
   One who awaits the death of another before claiming contract rights known but to the two and resting in word of mouth is under a handicap occasioned by own delay and rules of evidence imposed by law (3 Comp. Laws 1929, § 14219).

5. LANDLORD AND TENANT—MORTGAGES—FINDINGS OF COURT.
   In suit to have deed declared a mortgage, amount due thereon determined, and upon payment thereof have title vested in plaintiff, finding of trial court that relation of parties was that of landlord and tenant, that latter was in arrears on the rent, and that the evidence failed to establish claim that deed was intended as security in nature of a mortgage *held*, supported by record.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted June 3, 1941. (Docket No. 14, Calendar No. 41,530.) Decided October 6, 1941.

Bill by Gerhart J. Rehn and wife against Elizabeth Booth to have a deed declared a mortgage and

for other relief. Bill dismissed. Plaintiffs appeal. Affirmed.

*Raymond H. Dresser,* for plaintiffs.

*J. Paul Wait,* for defendant.

WIEST, J. This is a bill to have a deed adjudged a mortgage, the amount due thereon determined, and, upon payment thereof, to have title to the property vested in plaintiffs. Plaintiffs owned premises in the city of Sturgis upon which there was a mortgage. The mortgage was foreclosed by advertisement in November, 1932, and the premises purchased by John Michaelson, the mortgagee. Plaintiffs made no redemption. Plaintiffs claim that after the title became vested in Mr. Michaelson he was willing to accept $1,200 for the premises, and they entered into a verbal agreement with Roy Booth, husband of Elizabeth Booth, that he should loan them $700 to pay Michaelson; they were to give their note for $500 to Michaelson; Michaelson was to deed the premises to Roy Booth, and the $700 was to be repaid by deductions from Mr. Rehn's wages, as an employee of Roy Booth.

December 20, 1933, Michaelson, by warranty deed, conveyed the premises to "Roy Booth and Elizabeth Booth husband and wife as tenants by the entirety." Roy Booth paid for the abstract of title and paid the accrued taxes. Roy Booth died intestate January 28, 1935, and this bill was not filed until October 23, 1939.

Defendant answered the bill and, in the nature of a cross bill, set up that plaintiffs occupied the premises as tenants and were in arrears for rent and asked decree for the rent. The court found the

alleged verbal agreement not proven and the parties, by their acts, and plaintiffs, by paying rent, sustained the relation of landlord and tenant, and the deed was not a mortgage.

Upon review by appeal plaintiffs contend that the court erred in not finding the deed to be a mortgage and in finding the relationship between the parties that of landlord and tenant.

Michaelson was not called as a witness. At the time Booth paid Michaelson $700 and received a warranty deed to himself and Mrs. Booth by the entireties, he had title in fee simple. At the time the deed was given, plaintiffs executed and delivered to Michaelson their note for $500, upon which they have never paid a cent on the principal or interest. From the time the deed and mentioned note were executed, December 20, 1933, up to the time of decree herein on September 26, 1940, plaintiffs occupied the premises and for sums of money paid received receipts specifying the sums as payment of rent.

In the answer in the nature of a cross bill, defendant asked decree for rentals unpaid. The court found the amount of the same and granted defendant a decree therefor. Such a decree was affirmed in *Moore* v. *Muskegon Trust Co.*, 286 Mich. 21.

In *Polokoff* v. *Vebb*, 226 Mich. 541, we held, citing *Brennan* v. *Finn*, 217 Mich. 584:

" 'The burden of proof is upon a plaintiff who asserts that a deed absolute upon its face is in fact a mortgage to establish his claim by clear, irrefragable and most convincing proof.' "

A witness for plaintiffs testified that:

"I talked with Roy Booth prior to his death about this Rehn place but I cannot give the date. Mr. Booth told me that he had a deal with Mr. Rehn on

taking over a land contract that was owned by a gentleman by the name of Nicholson, I believe, I think it is Nicholson, and that he could save Kurt [Mr. Rehn] about $400 or $500 by making this advance on this particular place and that he was going to deed this property over and sell it back to Kurt on a land contract, or mortgage—a mortgage, and that he was to pay him back, I don't know if any specific amount or not, and I know of one particular instance. Mr. Rehn was working for Mr. Booth on a job down on Ralph Jacobs' and he told me he could get quite a lot of money back off from this job."

This testimony did not help plaintiffs but showed, if anything, that plaintiffs were to purchase the premises from Roy Booth and this being verbal was within the statute of frauds. 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908).

Plaintiffs never paid anything on the note to Michaelson, nor did they pay any taxes, and the amounts paid to Roy and Elizabeth Booth fell far short of the rent. From the time of the death of Mr. Booth all receipts given to plaintiffs stated they were for rent.

Fragmentary remarks, claimed by third persons to have been made by the deceased, have little probative value, inasmuch as death has closed the lips claimed to have uttered them and thus cut off all refutation or explanation. One who awaits the death of another before claiming contract rights, known but to the two and resting in word of mouth, it is true, is under a handicap but such is occasioned by his own delay and rules of evidence imposed by law.[*]

The record has been examined, and we are in accord with the findings of the circuit judge that the

---

[*] See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—RE-PORTER.

relation between the parties was that of landlord and tenant and the evidence fails to establish the claim that the deed was intended as security in the nature of a mortgage.

Under the circumstances here involved, the court was empowered to make decree respecting the rent.

The decree is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred.