## WILSON v. POTTER.

1. DEEDS—ABSOLUTE IN FORM—CONSTRUCTION AS MORTGAGE.

An instrument in the form of an absolute deed of conveyance may be construed by a court of equity as security for the payment of a debt.

2. SAME — CONSTRUCTION AS MORTGAGE — BURDEN OF PROOF — EVIDENCE.

The burden of proof that an instrument, in form an absolute deed of conveyance, is in fact security for the payment of a debt rests upon the party asserting such a transaction to be a mortgage and he must establish his claim by clear and satisfactory proof.

3. TRUSTS—RESULTING TRUST—PAYMENT OF CONSIDERATION FOR CONVEYANCE TO ANOTHER—STATUTES.

Party who furnished at least a part of the consideration for a deed of property to her daughter may not, by reason of having furnished such consideration, claim a resulting trust in the payor's favor based on such conveyance in view of pertinent statutory provisions (CL 1948, § 555.1 *et seq.*).

4. DEEDS—CONSTRUCTION AS MORTGAGE—QUESTION OF FACT.

A court is guided by what was said and done at time of execution of deed, absolute in form, but now claimed to have been security for payment of a debt, including the written instrument itself, and where the testimony is in conflict, the question is one of fact.

5. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—EVIDENCE—FINDING OF TRIAL COURT.

A suit to construe deed, absolute in form, as a mortgage is a

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur, Mortgages § 125.
[2, 6] 36 Am Jur, Mortgages § 133.
[3] 54 Am Jur, Trusts § 203.
[4] 36 Am Jur, Mortgages § 136.
[5] 3 Am Jur, Appeal and Error § 912.
[7] 36 Am Jur, Mortgages § 156.

chancery case that is heard by the Supreme Court *de novo* on the record, hence, the Supreme Court must analyze the testimony for the purpose of determining whether, had it been in the place of the trial judge, it would have reached a different conclusion, but in doing so is not precluded from giving due consideration to his findings.

6. DEEDS—CONSTRUCTION AS MORTGAGE—LIFE ESTATE—EVIDENCE.
Plaintiff *held,* to have failed to present sufficient evidence that deed to her daughter should be construed to be a mortgage or that plaintiff was entitled to a life estate in the property involved.

7. SAME—CONSTRUCTION AS MORTGAGE—DEEDS.
Claim of prejudicial error in reception in evidence that plaintiff's husband, defendant's stepfather, had stated to employee of county bureau of social aid that premises now involved in suit to have deed of the premises declared a mortgage belonged to defendant, *held,* not sustained, in view of trial judge's statement that such representations were not binding on plaintiff.

8. ACCOUNTING—EVIDENCE.
Plaintiff mother, in suit against defendant daughter, *held,* not to have established any basis either as to a right or any amount due from defendant by way of accounting, where she failed to establish deed absolute on its face was a mortgage or showed that she was entitled to a life estate in the premises.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 8, 1954. (Docket No. 41, Calendar No. 45,978.) Decided April 5, 1954.

Bill by Matilda Wilson against Marion H. Potter to have deed construed as a mortgage and for accounting. Bill dismissed. Plaintiff appeals. Affirmed.

*Beer & Osgood,* for plaintiff.

*Hughes & Norton* (*John H. Norton,* of counsel), for defendant.

CARR, J. This suit in equity was brought for the purpose of having an instrument in the form of an absolute deed of conveyance construed as a mortgage. Plaintiff is the mother of defendant. In 1944 they were living, together with other members of the household, in Royal Oak. Some discussion between them with reference to the purchase of a home was had, finally culminating in an assignment to defendant of the vendee's interest under a land contract for the purchase of property located at 639 S. Vermont street, Royal Oak. Each party contributed to the purchase price. In 1946 the contract was paid up in full, and a deed was given to defendant. Plaintiff put in a part of the money required for this transaction.

In 1946 defendant went to Tennessee and was married in that State shortly thereafter. Marital difficulties between her and her husband developed. The record indicates that plaintiff became apprehensive lest defendant's husband take some action to deprive her and the family of occupancy of the property. Defendant claims that she assured her mother that her possession would not be disturbed, and that she would not be put out. However, for the purpose of satisfying plaintiff, as defendant claims, the latter under date of September 13, 1946, executed to plaintiff a deed of the property. Subsequently defendant was divorced, and returned to Michigan in 1947, residing with the family for some months. In May, 1948, plaintiff deeded the property to defendant, the instrument of conveyance, which was absolute in form, being prepared by an attorney. In July, 1949, defendant placed a mortgage on the house and lot, apparently with the knowledge of plaintiff, which was subsequently discharged. At that time defendant sought plaintiff's assistance in paying the obligation, but without success.

In her bill of complaint and in her proofs plaintiff asserted that she was the purchaser of the property, that defendant merely loaned her money to assist in acquiring the home, that the assignment of the vendee's interest under the land contract, and likewise the deed of conveyance in accordance with said contract, was taken in defendant's name for purposes of security, and that the conveyance that she executed to defendant in May, 1948, was intended by the parties as a mortgage. Plaintiff claimed that in June, 1950, she sought to reach an agreement with defendant as to the amount owing the latter, but was unable to do so. Defendant denied the claims made by plaintiff as to the nature of the transaction, asserting that she bought the property and claiming further in her testimony that because she had helped the family for many years her mother assisted in making the purchase by giving her money. She further denied that plaintiff had undertaken in 1950 to arrive at an agreement with respect to her alleged indebtedness to defendant, testifying that she had no knowledge of plaintiff's claims as set forth in her bill of complaint until shortly before the case was started.

After listening to the proofs of the parties the trial judge came to the conclusion that plaintiff had not established her right to equitable relief, and entered a decree dismissing the bill of complaint. Plaintiff has appealed, insisting that the evidence in the case does not support the finding and asking that this Court decree that the deed of May, 1948, be construed as a mortgage. It is further urged, in the nature of a request for alternative relief, that the plaintiff be decreed to have a life estate in the property, and that the defendant be required to come to an accounting with plaintiff with reference to any advances or expenditures that the latter may be entitled to recover.

The power of a court of equity to construe an instrument in the form of an absolute deed of conveyance as security for the payment of a debt is not open to question. *Levenson* v. *Cohen,* 250 Mich 31; *Alber* v. *Bradley,* 321 Mich 255. However, the burden of proof rests on the party asserting such a transaction to be a mortgage to establish his claim by clear and satisfactory proof. *Brennan* v. *Finn,* 217 Mich 584; *Rehn* v. *Booth,* 299 Mich 311. Obviously the question in the instant case concerns the deed given by plaintiff to defendant in May, 1948. Under pertinent provisions of the statutes of this State (CL 1948, § 555.1 *et seq.* [Stat Ann § 26.51 *et seq.*]) plaintiff may not claim any resulting trust in her favor based on the assignment of the vendee's interest under the land contract to defendant and the deed given in 1946 pursuant to the contract.

In determining the intention of the parties at the time of the execution of the deed by plaintiff in 1948, we must necessarily be guided by what was said and done tending to throw light on the matter, including of course the written instrument itself. The question becomes one of fact. We realize that the trial judge had the advantage of seeing the witnesses and listening to their testimony. He was, therefore, in a better position than is this Court to evaluate the proofs. However, the matter is before us for a hearing *de novo* on the record, and, in consequence, we must analyze the testimony for the purpose of determining whether, had we been in the place of the trial judge, we would have reached a different conclusion. In doing so we are not precluded from giving due consideration to his findings.

When plaintiff executed the conveyance to defendant was there an existing indebtedness to the latter which continued in existence? Defendant denies that her mother at the time owed her any money what-

ever. It is significant that at the time of the initial transaction in 1944, and again when the deed to the property was obtained in 1946, no note or other writing was given by plaintiff to defendant, nor does it appear that either kept any memorandum whatsoever. Plaintiff does not claim that she made any payments to defendant on the debt that she now says that she owed, nor does she claim any conversation with reference to it prior to 1950, which conversation, as above noted, defendant denied. Defendant's assurances to her mother in September of 1946, after the conveyance of the property in accordance with the contract, that her occupancy of the home would not be disturbed is significant. It is difficult to reconcile such assurances with the claim of the plaintiff that the parties considered her to be the real owner of the property.

Plaintiff testified also that she considered that she had a life estate. Whether her conclusion in this respect was based on promises made to her by her daughter, apparently without consideration, or because of the fact that she had assisted in acquiring the property, does not appear. Such claim, however, is obviously inconsistent with the theory that the conveyance to defendant was merely a mortgage. It may be noted, also, that plaintiff's mother, who was somewhat advanced in years at the time of the trial, testified that some 3 or 4 years previously plaintiff had stated in her presence that defendant was the owner of the home.

Defendant in her testimony asserted in substance that she did not consider that her mother was ever indebted to her, that she had never asked for any payments on any alleged indebtedness, that it was her understanding and belief that she was the owner of the property, that the assistance rendered by plaintiff in acquiring the home was given because of the relation of the parties and the fact that defend-

ant had for several years contributed to the maintenance of the family, and that she had taken out fire insurance as well as title insurance in her own name. She also claimed that she contributed to the maintenance of the property from time to time as necessary, apparently leaving it to her mother and stepfather to pay taxes and make necessary repairs, when they were in position to do so, in lieu of rent. No claim is made that any rental was ever demanded or paid.

On the record before us we are in accord with the holding of the trial judge that plaintiff failed to establish by the requisite degree of proof her right to the relief sought. In discussing equitable jurisdiction in a case of this kind, it was said in *Tilden* v. *Streeter,* 45 Mich 533, 540:

"In applying this jurisdiction it is needful to proceed with great circumspection. The natural and prima facie effect of a conveyance expressing no condition, and regularly executed in the presence of attesting witnesses and duly acknowledged as an absolute deed, ought not to be controlled and qualified by oral evidence, and brought down to the effect due to a mere security, on a slight showing. The great current of authority is distinct in holding that the party thus seeking to modify the operation of the instrument and prove himself entitled against the terms of his own deed to an equity of redemption is not only bound to make out that the transaction was in truth and justice nothing more than the giving of security, but is required to do so by a force of evidence sufficient to command the unhesitating assent of every reasonable mind. Unless the testimony, say the supreme court of the United States, is entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties. *Howland* v. *Blake,* 97 US 624, 626 (24 L ed 1027). And many cases use much stronger language."

See, also, *Brennan* v. *Finn, supra; Polokoff* v. *Vebb,* 226 Mich 541; *Judd* v. *Carnegie,* 324 Mich 583. On the record before us, and in the light of the principles recognized in the foregoing decisions and others of like import, the deed in question here may not be construed as a mortgage.

On the trial of the case defendant offered the testimony of the supervisor of the Oakland county bureau of social aid. The witness produced certain records of her office indicating that in 1950 plaintiff's husband, the stepfather of defendant, was interviewed by an employee of the bureau, in the presence of plaintiff, with reference to his application for old-age assistance. Apparently the witness had no knowledge of the matter other than appeared from the record. Said record indicated that Mr. Wilson had said, in substance, that defendant owned the home in which the family lived. Objection to the record was interposed, but the court permitted it to be read, making the significant statement, however, that:

"It might be a subject for the welfare department to investigate if any false representations were made on these statements of Mr. Wilson, but they are not binding upon the plaintiff in this case."

There is nothing in the opinion of the trial judge indicating that he gave any consideration whatever to the record of the statements made by Mr. Wilson to the social worker. Appellant insists that permitting such statements to be read was error, the claim obviously being based on the theory that the judge gave consideration to them. We think it clearly apparent that he did not do so, and that in consequence, without reference to the merits of the objection, appellant's claim of prejudicial error is not tenable.

Appellant's argument that she should be decreed a life estate in the property, in the event that her primary claim for relief is denied, is not supported by the record. There is no proof of any agreement between the parties with reference to a life interest. The mere assurance by defendant to her mother that the latter would not be put out of possession is explained by the circumstances under which it was made. It was apparently a gratuitous statement made to allay the plaintiff's fears that defendant's then husband might in some may interfere with the occupancy of the home by the family. We find no evidence that at the time of the transaction in question here there was any discussion with reference to a life estate. It is unnecessary to consider any suggested amendment to the bill of complaint with reference to such form of relief.

After listening to the proofs the trial judge came to the conclusion that the parties in acquiring the property had put in approximately equal amounts of money, that plaintiff and her husband had paid taxes and had made certain repairs, and that defendant had also made contributions when necessary. It was his opinion that since plaintiff had not paid any rent for the property, whatever expenditures she might have made were actually in lieu of rent. There is no showing that plaintiff, during the years since 1944 that she and her family have occupied the property, has expended more than the fair rental value for its maintenance and upkeep. The trial court concluded that in view of the situation, and particularly the length of time that plaintiff had occupied the premises, she was not entitled to an accounting. We are in accord with such finding. It may be noted further that the record as it now stands does not furnish an adequate basis on which any accurate accounting might be had. Plaintiff in her bill of complaint sought an accounting only with reference to,

the amount owing by her to defendant. The latter does not ask for an accounting, apparently not desiring to press any claim for rent against her mother.

The decree of the trial court is affirmed. Defendant may have costs.

Butzel, C. J., and Bushnell, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.