## LUCAS *v.* JOHNSON.

1. MORTGAGES—LAND CONTRACTS—BURDEN OF PROOF—EVIDENCE.

   Plaintiff failed to sustain his burden of proof that land contract wherein he and defendant were named as vendees "jointly with right of survivorship, but not as tenants in common" was intended as an equitable mortgage, where the evidence shows plaintiff was an elderly man, that defendant who was his grandnephew had given plaintiff $600 and had made payments on the land contract from time to time when plaintiff was unable to do so, plaintiff had not made any payments of either principal or interest during the 5 years in which the contract was paid up, that plaintiff had made defendant residuary legatee under his will and named him executor thereof but that close relationship ceased after plaintiff's subsequent marriage.

2. SAME—BURDEN OF PROOF—EVIDENCE.

   The burden of proof is upon plaintiff who asserts that an instrument, drawn by a layman, in which he and defendant were named as joint vendees with right of survivorship and not as tenants in common constituted a mortgage, to establish his claim by clear, irrefragable and most convincing proof.

3. COSTS—BRIEFS.

   No costs are allowed appellee upon affirmance of decree dismissing bill, where he had filed no brief up to the time opinion was prepared.

Appeal from Genesee; Gadola (Paul V.), J. Submitted April 13, 1954. (Docket No. 57, Calendar No. 45,826.) Decided June 7, 1954.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 36 Am Jur, Mortgages § 133.
[3] 14 Am Jur, Costs § 92.

Bill by Thomas W. Lucas against Wilbert Johnson to establish sole ownership in property and have joint interest in land contract decreed an equitable mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*Sherman M. Bean* (*Richard C. Fruit,* of counsel), for plaintiff.

BUTZEL, C. J.    Thomas W. Lucas, also referred to as Reverend Lucas, plaintiff herein, brought suit against his grandnephew Wilbert Johnson, defendant herein, in order to have the defendant's interest as a joint vendee in a certain land contract decreed to be an equitable mortgage. Plaintiff was described by the trial judge as an old and infirm man and his attorney ascribed his very unsatisfactory testimony to this condition. We limit our opinion herein solely to those questions that arose at the hearing and were set forth in the statement of questions involved in appellant's brief.

Claude Darby, a Flint, Michigan, real-estate broker, holds or has under his control the record title to a certain lot and building at 3114 St. John street, Flint, Michigan, used as a restaurant and as the living quarters of plaintiff. The record is confusing as to whether Darby or the trustees of the Burroughs estate of Flint, Michigan, for whom Darby at times acted as agent, are the present title holders. Darby, however, testified that he is ready, willing and able to furnish a sufficient and proper deed of the property to the vendees in the land contract dated December 22, 1947, hereinafter described, which gives rise to the present litigation. Darby evidently awaits the outcome of this suit to determine to whom he should furnish a deed.

It appears that for many years plaintiff owned or had an interest in the property. He had previously borrowed money from either the Burroughs estate or the trustees for the Burroughs family of Flint, Michigan. The prior loan or loans evidently had been repaid. Sometime in 1947, the building on the property was damaged by fire and the sum of $1,500 received as insurance proceeds was insufficient to repair, rebuild, and enlarge the size of the former building. The Burroughs estate or the trustees of the Burroughs family were willing to assist plaintiff but only to the extent of a loan of $2,000 which, together with the insurance money, was subsequently found to be insufficient to complete the work. In August, 1947, defendant gave plaintiff $200 to be used in repairing the building. In October, 1947, Darby drafted the following receipt on the letterhead of Darby & Son:

"October 14, 1947

"Received of Wilbert Johnson, two hundred dollars ($200.00) towards the cost of the repairs of the fire loss at 3114 St. John Street.

"It is understood that Mr. Johnson is going to possibly invest more money in this property and that Thomas Lucas will protect Mr. Johnson's investment by a contract interest in the property.

"Rev. THOMAS W. LUCAS

"C. O. DARBY

"Witness:

"BONITA E. SEIDEL."

On or about December 22, 1947, defendant paid Lucas an additional sum of $400 and Darby drew a land contract in which he and his wife were designated as the "vendor" and *Thomas W. Lucas and Wilbert Johnson, jointly with right of survivorship, but not as tenants in common*" (emphasis ours) were

named as "vendee," and in which the vendor agreed to sell the property to the vendee for $5,050, of which $2,400 was paid as a down payment, the balance payable at $50 a month. Apparently this contract was assigned to the trustees for the Burroughs family. In spite of some confusion in the record as to who holds the vendor's interest, no difficulty in obtaining a deed from the vendor or his assignee is anticipated.

In 1952, approximately 5 years later, the contract having been paid up, Darby was ready to give a sufficient deed. Plaintiff claimed that the money advanced by defendant was simply a loan, aggregating $600, and offered to repay such sum to defendant. Plaintiff asserts that the deed should run to him alone. Plaintiff during the 5 years retained the use of the property and made payments on the contract. There is no claim that plaintiff offered to repay any part of the $600 or more, or to pay any interest during this interim of approximately 5 years. Defendant claimed that in addition to the $600, he and his wife also paid the monthly payments that became due on the contract when plaintiff was short of funds. Defendant also gave plaintiff money to buy some ribs at the time the barbecue restaurant was opened.

Unfortunately the papers in the transaction were poorly drawn by a layman. The receipt indicates that defendant paid $200 toward the cost of the repairs of the fire loss. It further states that defendant "is going to possibly invest more money in this property;" and that plaintiff "will protect Mr. Johnson's investment by a contract interest in the property." Just what is meant by the word "investment?"

Plaintiff's claim that it was an investment loan might be favored were it not for the fact that when

the last $400 was advanced, the contract ran to plaintiff and defendant as joint tenants with the right of survivorship and not as tenants in common. It was duly executed by the Darbys as vendors and by plaintiff and defendant, as vendees. Mr. Darby, who was a witness for plaintiff, testified unequivocally that he drew the contract "jointly with right of survivorship" at the request of the vendees. Plaintiff had for many years lived with defendant's mother and was on very intimate terms with the defendant; defendant seems to have acted as a devoted son towards plaintiff. Plaintiff stated that if he died defendant was to keep the property. Plaintiff admitted on cross-examination that defendant made the payments on the contract when plaintiff was unable to do so. It was, apparently, after the plaintiff's subsequent marriage that the close relationship between the parties ceased. It is further significant that in July, 1950, a lease of the property was given to a third party and the lessors were plaintiff and defendant. It also appears that on June 20, 1949, plaintiff executed a will and after mentioning his direct heirs and leaving them but a nominal bequest, he left the residue of his property to defendant and appointed him sole executor.

Much of appellant's brief is devoted to the discussion of elementary law that a deed with contract back or a contract interest may be construed to be a mortgage. It is unnecessary to further discuss the facts or the title of Darby or the trustees of the Burroughs family. The sole question in the instant case is to determine the interest of defendant in the property as intended by the parties at the time the contract was drawn. The trial judge after reviewing the facts held that defendant was a joint vendee as stated in the contract.

Plaintiff has failed to sustain the burden of proof upon him to establish that the land contract in the present case designating defendant as a joint tenant was intended as an equitable mortgage. In *Rehn* v. *Booth,* 299 Mich 311, this Court stated (p 313):

"The burden of proof is upon a plaintiff who asserts that a deed absolute upon its face is in fact a mortgage to establish his claim by clear, irrefragable and most convincing proof."

See, also, *Brennan* v. *Finn,* 217 Mich 584; *Polokoff* v. *Vebb,* 226 Mich 541; *Judd* v. *Carnegie,* 324 Mich 583.

The decree dismissing the bill is affirmed, but without costs, defendant appellee having failed to file a brief up to the time this opinion was prepared.

Carr, Bushnell, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.