## KUNZ v TORCELLINI

1. MORTGAGES—DEED AS MORTGAGE.

   A deed absolute on its face can be declared to be an equitable mortgage by a court of equity.

2. MORTGAGES—DEED AS MORTGAGE—EVIDENCE—BURDEN OF PROOF.

   The burden of proof is upon a party who asserts that a deed absolute upon its face is in fact a mortgage to establish his claim by clear, irrefragable and most convincing proof.

3. MORTGAGES—DEED AS MORTGAGE—ORAL AGREEMENT—VALIDITY—EVIDENCE—BURDEN OF PROOF.

   A deed given as a mortgage may later be changed by oral agreement of the parties into an absolute deed; a party who asserts that a deed given as a mortgage was changed by oral agreement into an absolute deed has the burden of proof on such an assertion.

4. EVIDENCE—DEAD MAN'S STATUTE—CORROBORATIVE EVIDENCE.

   In any action by or against a person incapable of testifying, a party's own testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, unless some material portion of his testimony is supported by some other material evidence tending to corroborate his claim (MCLA 600.2166).

5. EVIDENCE—DEAD MAN'S STATUTE.

   A representative of a deceased may compel a living party to testify as to matters equally within the knowledge of a deceased; however, in that case the representative cannot prevent such party from giving a full explanation of the subject inquired about.

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur 2d, Mortgages §§ 1, 181.

[2, 3] 55 Am Jur 2d, Mortgages § 39 *et seq.*

[4, 5] 58 Am Jur, Witnesses § 214.

[6] 58 Am Jur, Witnesses § 359.

[7] 31 Am Jur 2d, Executors and Administrators § 723.

6. EVIDENCE—DEAD MAN'S STATUTE—EXCEPTION—CROSS-EXAMINATION.

No door was opened which made alleged subsequent statements of a deceased admissible in evidence because of the cross-examination of the living party on the writing of a letter, which would not necessarily have been equally within the decedent's knowledge, and on the identification of handwriting of the person who had placed certain notations on that letter, which the living party could not identify and where additionally the notations could not be deciphered.

7. LIMITATION OF ACTIONS—RECOVERY OF POSSESSION OF LAND—DECEDENT'S ESTATES—STATUTES.

The estate of a decedent has the right to institute suit to recover possession of real estate at any time within 15 years where a defendant has wrongfully taken possession of the real estate following the decedent's death.

Appeal from Wayne, Richard R. Robinson, J. Submitted Division 1 December 6, 1973, at Detroit. (Docket No. 16052.) Decided March 5, 1974.

Complaint by Armand D. Kunz, administrator of the estate of Seddon L. Etherton, against Edmund E. Torcellini, Charles Thomas Stamps, and Stamps & Torcellini, a partnership, for possession of real estate. Judgment for defendants. Plaintiff appeals. Reversed and remanded for entry of judgment in favor of plaintiff.

*Wunsch, Aikens & Lungershausen, P. C.* (by *David J. Ohlgren),* for plaintiff.

*Stamps & Torcellini,* for defendants.

Before: V. J. BRENNAN, P. J., and QUINN and CARLAND,* JJ.

CARLAND, J. Plaintiff as the administrator of the estate of Seddon L. Etherton, deceased, filed a

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

complaint claiming the estate to be the owner of certain real estate and therefore, entitled to possession thereof, subject only to the right of defendant Torcellini as mortgagee. From a judgment dismissing the complaint, plaintiff appeals as a matter of right.

This dispute has its origin and arises as the result of the disposition by way of settlement of a 1955 Wayne County Chancery case No. 531–540. In this proceeding the plaintiff's decedent, an attorney and defendant therein, was represented by the present defendants Torcellini and Stamps. The partnership of Stamps & Torcellini was apparently in existence at that time. As a result of such settlement, the real estate here involved was conveyed on October 23, 1955 to "Seddon Etherton and Edmund E. Torcellini, as single men, as joint tenants with rights of survivorship".

Following this conveyance, Etherton took possession of the property, managed and maintained the same, paid the taxes, made the mortgage payments, and paid all other expenses and retained as his own the income therefrom until his death on November 6, 1965. Apparently these rights so asserted and the acts of management so performed were never challenged during decedent's lifetime. Shortly after November 6, 1965, Torcellini took possession of and has operated the property and retained the rents and profits therefrom down to the present date.

The first question to be answered is whether the deed in question, although unconditional upon its face, was in fact a mortgage as between the grantees. Michigan law clearly recognizes that a deed absolute on its face can be declared by a court of equity to be an equitable mortgage. *Taines v Munson,* 19 Mich App 29; 172 NW2d 217 (1969).

As stated above, the form of the deed came about as a part of the settlement between the parties to the Wayne County litigation and the agreement between Etherton and Torcellini concerning attorney fees. At a hearing in that cause held September 12, 1955, Torcellini explained to the court why the deed was to be executed to the grantees as joint tenants in the following language:

"Mr. Etherton has agreed to let my name appear on all conveyances from the receivers so that *we* will be secured for *our* fees; joint tenants with right of survivorship we prefer because then we will settle between ourselves." (Emphasis supplied.)

On September 21, 1955, the stipulation was reduced to writing and filed with the court and an order was entered approving the same. It should be noted that the net value of the property being conveyed to Etherton and Torcellini was determined by the court in accordance with the terms of the stipulation to be the sum of $25,000. The property was subject to mortgages of approximately $22,000 of which all but $2,200 had been paid by the decedent prior to his death. On the date of the stipulation above referred to, a written agreement was entered into between the deceased and Torcellini whereby the latter was to receive as attorney fees twenty percent of the value of the property conveyed. This agreement provided in part as follows:

"Whereas the litigation as aforesaid resulted in a settlement and as a result thereof the *party of the first part received* title to the following described real and personal property and name of the party of the second part was included in the instruments of conveyance as

joint tenant with right of survivorship *as security* for the aforesaid attorney's fees." (Emphasis supplied.)

The agreement further provided that the attorney fees should be paid within a reasonable time and that upon payment the property would be conveyed to Etherton. By a memorandum dated October 3, 1956, the balance owing on fees was fixed at $5,214.71 and provided that no interest should be charged.

From the foregoing it must be held that it was the intention of the parties that Torcellini's interest in the property was only a security interest which could be discharged upon payment of the attorney fees. This conclusion is inevitable because of the indebtedness to Torcellini, the statement made to the court, the terms of written agreement, the facts that Torcellini had only a 20% interest in property having a value of $25,000, and the fact that the decedent remained in possession during his lifetime. The fee was never paid and the title remained unchanged to the date of decedent's death. However, defendants continued to regard the interest of Torcellini as one of security only until at least as late as June 9, 1958 when Stamps wrote a letter to the decedent which was received in evidence by stipulation. This letter read in part as follows:

"There is a balance due us of $5,214.71 (this amount includes the $350 which *we loaned* you on July 12, 1955) on our fees." (Emphasis supplied.)

*"I have suggested to Ed to foreclose the mortgage,* or partition the property." (Emphasis supplied.)

This letter would seem to be an admission against interest that on June 9, 1958, it was recognized that a creditor-debtor relationship still existed and

that Torcellini held only a mortgage against the property.

The years passed on and neither party, though both lawyers, took any action in accordance with the terms of their agreement. Decedent continued in possession without paying the fee and defendants took no action to enforce the lien. It was not until the present proceedings were instituted that Torcellini (so far as the record discloses) ever made any claim that he had other than a mortgage interest. Therefore, by no act during the intervening years was anything done to change the relationship of the parties from that of debtor and creditor. Although the debt was never discharged, it was likewise never enforced.

The failure to enforce the obligation to pay during the lifetime of the obligor being the unilateral decision of the obligee should not be permitted to change the agreement of the parties. As was said in *Brennan v Finn,* 217 Mich 584, 585; 187 NW 353, 354 (1922):

"The burden of proof is upon a plaintiff who asserts that a deed absolute upon its face is in fact a mortgage to establish his claim by clear, irrefragable and most convincing proof. *McArthus v Robinson,* 104 Mich 540; 62 NW 713 (1895); *Frolich v Aikman,* 194 Mich 569; 161 NW 867 (1917); *McMillan v Bissell,* 63 Mich 66; 29 NW 737 (1886)."

We believe that this burden has been sustained by the plaintiff.

The defendants assert as a defense that a deed in the nature of a mortgage may later be changed by oral agreement of the parties into an absolute deed. Again in *Brennan v Finn, supra,* at page 586 it is stated:

"That this may be done as between the parties was

recognized *(First National Bank of Kalamazoo v McAllister,* 46 Mich 397; 9 NW 446 [1881]), but the said burden is here upon the defendant to establish as indicated such claim asserted in his defense. *Stewart v Ashley,* 34 Mich 182 (1876); *Cady v Burgess,* 144 Mich 523; 108 NW 414 (1906)."

In the case at bar the defendants offered no competent evidence of any subsequent oral agreement between the parties. Following the identification by Stamps of the letter of June 9, 1958, and its subsequent admission into evidence, defendants sought and were permitted over objection to introduce certain statements allegedly made by the decedent to Stamps after the receipt of the letter. Plaintiff's objection was based upon the provisions of the so-called "Dead Man's Statute", being MCLA 600.2166; MSA 27A.2166, which provides:

"In any action by or against a person incapable of testifying, a party's own testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, unless some material portion of his testimony is supported by some other material evidence tending to corroborate his claim."

Stamps was and is a party to this litigation and the statements attributed to the decedent would necessarily have been equally within his knowledge if made. Stamps' testimony in this regard was therefore inadmissible.

Defendants maintain that in Stamps' cross-examination by the plaintiff that the door was opened and that therefore the statements became admissible. With this assertion we cannot agree. Stamps was only questioned as to whether or not he wrote the letter, and whether he did or not would not necessarily have been equally within decedent's knowledge. The witness was also asked

to identify the handwriting of the person who had placed certain notations upon the letter. He could not positively do so and further the notations could not be deciphered. No door was thereby opened which made the alleged subsequent statements of deceased admissible. In *Corkins v Corkins,* 358 Mich 691; 101 NW2d 362 (1960), the Court, on page 695, spoke as follows:

"As we held in *Fox v Barrett's Estate,* 117 Mich 162, 163–164; 75 NW 440, 441 (1898), quoted in *Bishop v Shurley,* 237 Mich 76, 83; 211 NW 75, 78 (1926):
" ' "If, however, the representative of the deceased wishes, he may compel the living party to testify; but in that case he cannot prevent such party from giving a full explanation of the subject inquired about." ' "

Defendants' reliance upon the decision in *Sauer v Fischer,* 247 Mich 283; 225 NW 518 (1929), seems to be misplaced. In *Sauer* the Court held that since the defendant had no obligation to pay a debt, the deed in question could not be held to be a mortgage. Further on pages 287–288, the Court in that case said:

"It is well established that a deed given as a mortgage, may be changed by subsequent agreement of the parties into an absolute deed. *Brennan v Finn,* 217 Mich 584; 187 NW 353 (1922). Title may not be passed by estoppel, it is true, but when passed by warranty deed and the grantor claims parol right of defeasance he may, by agreement or acts evidencing such purpose or bringing such result, cancel the secret agreement and let the terms of the deed control."

And again, on page 290:

"If Mr. Fischer ever had right of defeasance, he lost the same by his own acts, and the contract, lease, options, and course of dealings wholly negativing rights of a mortgagor."

In the case at bar there is no competent evidence of any agreement by decedent surrendering his right of defeasance, nor do we find conduct justifying such a conclusion.

Defendants claim the testimony of Stamps is admissible because "some material portion of his testimony is supported by some other material evidence tending to corroborate his claim" (MCLA 600.2166; MSA 27A.2166). We find nothing in this testimony which tends to corroborate the claim of Stamps. The witness testified as to certain conversations had with the deceased during the time that the settlement was being negotiated in the Wayne County case. Stamps testified as to conversations had with the decedent after the agreement with Torcellini had been consummated and attempted to show thereby that decedent surrendered his right as mortgagor.

Defendants next assert that the present action is barred by the statute of limitations and rely upon the provisions of MCLA 600.5852; MSA 27A.5852 and MCLA 600.5801(1); MSA 27A.5801(1), neither of which in our opinion are applicable.

Up until the time of his death the decedent had no claim against the defendants upon which the period of limitations had begun to run. He (decedent) was in possession and had no reason to assert any such claim. No cause of action had accrued. It only accrued after Torcellini took possession and hence became the cause of action of the estate. Further, since the deceased took possession and made entry upon the property here involved immediately upon delivery of the deed, he did so within the five year period to which the defendants allude in citing the last mentioned statute.

When Torcellini wrongfully took possession of

the premises following the death of Etherton, the estate had the right to institute suit to recover possession at any time within 15 years. MCLA 600.5801(4); MSA 27A.5801(4).

For the reasons given, we reverse and remand to the trial court for entry of judgment directing the defendant Torcellini to convey any and all interest which he may have in the property here involved to the estate of Seddon L. Etherton, deceased, upon the payment to him by the estate of attorney fees in the sum of $5,214.71, plus interest at the rate of five percent per annum from June 9, 1958 to date. Equity demands the payment of interest after the expiration of a reasonable time in which to pay these agreed fees and we conclude that such reasonable time expired upon Stamps' demand for payment. The judgment shall further provide that no payment need be made by the estate until Torcellini has fully accounted for the rents and profits derived from the property during his period of occupancy, and has paid such sums as may be owing to the estate. Upon failure of Torcellini to convey as herein directed, a copy of the judgment may be recorded in lieu of such conveyance. Plaintiff may recover costs.

All concurred.