MUSKEGON BANK & TRUST COMPANY *v.* ACHTERHOFF.

VENDOR AND PURCHASER—PARTITION—UNRECORDED QUITCLAIM DEEDS —TITLE—INTEREST.

Arrangement whereby plaintiffs' decedent had deeded for the sum of $20,000, of which $10,000 was paid in cash, 4 parcels of property to defendant and taken back 4 quitclaim deeds from him which remained unrecorded and were to be returned to him upon payment of $2,500 each *held*, to have intended to vest entire title in defendant, the quitclaim deeds merely representing security for balance rather than an undivided half interest subject to partition, notwithstanding the parties were to share taxes and profits if the respective parcels were sold prior to time defendant had paid the balance.

Appeal from Muskegon; Beers (Henry L.), J. Submitted April 3, 1962. (Docket No. 6, Calendar No. 49,367.) Decided May 18, 1962.

Bill by Muskegon Bank & Trust Company, a Michigan banking corporation, and Stephen H. Clink, coexecutors of the estate of Lois Moon Ley, deceased, and cotrustees of the Lois P. Moon Living Trust, against John R. Achterhoff for partition. Cross bill to determine that certain deeds were given as security. Decree for defendant. Plaintiffs appeal. Affirmed.

*Hathaway, Latimer, Clink & Robb (Robert J. VanLeuven,* of counsel), for plaintiffs.

*Parmenter, Forsythe & Steendam (Robert L. Forsythe,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE

55 Am Jur, Vendor and Purchaser § 447.

BLACK, J.  This is an equity action, brought in the Muskegon circuit.  Plaintiffs, coexecutors and co-trustees representing the interests of testatrix and settlor Lois Moon Ley, deceased, seek to partition 4 parcels of land, an undivided interest in which Mrs. Ley acquired of record by means of certain quit-claim deeds executed by defendant.  Defendant by cross bill insists that the quitclaim deeds were delivered as security only and that the plaintiffs and cross defendants should reconvey to him upon payment of whatever amount is due from him to the plaintiff fiduciaries, such amount to be determined by equitable accounting.  The chancellor granted relief as prayed to defendant and cross plaintiff. Plaintiffs appeal.

The suit with its controversy is but one of many coming here where disputed questions of fact only have been urged and decided, necessarily to the concordant satisfaction of one contender and utter dissatisfaction of the other.*  We find, on examination of the joint appendix and respective briefs, that the trial chancellor has fairly assembled the decisive facts and has reached a conclusion with respect to which no reasonable ground for disagreement has been shown.  His opinion, which we adopt follows:

"For many years G. M. Porter, a prominent real-estate dealer in this community, handled what is known as the Richard D. Arnold Trust, which comprised considerable real estate.  Apparently these properties were disposed of partially, and at the time of Mr. Porter's death, his daughter, Lois Moon Ley, who was a real-estate dealer in her own right, con-

---

* Appellants' statement of the involved question is pivoted upon the general rule of *Wilson* v. *Potter*, 339 Mich 247, 251.  The statement:

"Did the defendant establish that the 4 quitclaim deeds, though absolute in form, were intended only as security by clear and satisfactory proof sufficient to command the unhesitating assent of every reasonable mind, and entirely plain and convincing beyond legal controversy?"

tinued to handle the properties as agent for the Arnold Trust. In the fall of 1955, all of the properties constituting the trust, had been sold except for 4 parcels which are the subject of this litigation.

"The testimony taken by depositions and various records and the exhibits introduced in evidence, indicate that the defendant Achterhoff was desirous of purchasing these 4 descriptions of property. The testimony further discloses that Mrs. Ley and her husband were about to leave this community and settle in Florida, and her husband testifies that she was anxious to 'clean that whole estate out and pay the Arnolds off so that there were no problems left.' She and Achterhoff entered into an agreement for the sale of these properties. It is the plaintiff's claim that by this agreement Mrs. Ley only sold to Achterhoff a half interest in certain of the descriptions and, she now having passed away, the remainder of the properties is an asset of her estate which presently is being probated. It is the defendant's contention here that while only half of the property was paid for, under the agreement entered into between the parties, the remaining parcels of property actually belonged to him and that the executed deeds were held by Mrs. Ley as security for the payment of the balance of the purchase price, and that if any of the properties were sold and profit made therefrom, before Achterhoff had paid the full purchase price, the profit was to be divided equally between he [him] and Mrs. Ley; also each was to pay his respective share of the taxes.

"I might say at this point that this contention is somewhat borne out by the fact that a small parcel was sold to the highway department of Muskegon county, and that profit therefrom was divided between the parties.

"The difficult question posed by this case is how to construe the letter dated October 21st, written by Mrs. Ley to Mr. Achterhoff and then reconcile the same with the so-called purchase agreement given to Mr. Achterhoff and signed by Mrs. Ley at or

about the same time. I have read these 2 exhibits carefully and it appears to me that the letter must have been written first and the purchase agreement subsequently, because the purchase agreement is much more specific and complete and the 2 cannot be read together because they are definitely inconsistent with each other, as a reading of them will disclose. The only reasonable conclusion I can draw from a study of this entire case is that the defendant Achterhoff purchased these descriptions of property for $20,000, paying the sum of $10,000 as outlined in the agreement, and left the remaining deeds to the property with Mrs. Ley so that she could hold them as security for the payment of the remaining balance. I have read this purchase agreement over many times and I cannot say that there was any other intention on the part of these parties. The pertinent portion of the purchase agreement reads as follows:

" 'Total purchase price of descriptions as listed on attached sheet which constitutes entire balance of Richard D. Arnold, trustee, holdings in Muskegon township, Fruitport township, and city of Muskegon Heights, which I am exclusive sales agent for, is $20,000. Terms are cash to the sellers upon the following conditions: Release of deed to property in section 34, Muskegon township, to Achterhoff immediately upon payment of $2,500 cash. Balance of deed to Achterhoff on parcel No. 2 in section 3, Fruitport township, with 30 days by payment of additional $2,500, and an additional $2,500 in 90 days for release of deed on parcel No. 3, also located in section 3, Fruitport township. Warranty deed on No. 4 property in section 5, city of Muskegon Heights, will be released upon payment of another $2,500 within 6 months, or by April, 1956. *Upon receipt of these various deeds Achterhoff agrees to give Lois Moon Ley a quitclaim deed for 1/2 interest in the particular properties as security for payment of additional $2,500 on each parcel, or a total of $10,000, at which time I will* RETURN *quitclaim*

*deed. The quitclaim deeds will not be recorded, but I will receive 1/2 of the net income from resale of these properties after commissions and expenses and will agree to pay 1/2 of taxes and other expenses involved during time held.'*"

"It seems to me that the intention of these parties is clear, it being specifically stated that the deeds are retained as security of the unpaid amount.

"Consequently, a decree may be prepared in accordance with the above requiring the payment to the plaintiff [plaintiffs] of the sum of $10,000, less defendant's share of any taxes paid by the Ley estate up to this time. Defendant may have costs."

Decree affirmed. Costs to defendant.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.